# Birmingham Trust & Savings Co. *v.* Jefferson County *et al.*

### *Bill in Equity to enjoin Issuance of Bonds.*

1. *Bonds issued by the Jefferson County Sanitary Commission; general obligation of the county and payable out of the general funds of the county.*—The bonds of Jefferson county authorized to be issued by the Jefferson County Sanitary Commission, under the provisions of the acts approved February 28, 1901, (Acts of 1900-1901, pp. 1702-1728) are, when issued, the general obligation of the county, and the principal of said bonds, when due, is payable out of the general funds of the county, and the payment of such principal is not restricted to the surplus funds arising from the special taxes authorized to be levied by section 11 of said act.

APPEAL from the Chancery Court of Jefferson.

Tried before the Hon. JOHN C. CARMICHAEL.

The bill in this case was filed by the complainant, the Birmingham Trust & Savings Co. against Jefferson County, and the Jefferson County Sanitary Commission, and averred in the bill that the Jefferson County

Sanitary Commission was a body corporate created by the act of the General Assembly of Alabama, approved February 28, 1901, (Acts of 1900-1901, pp. 1702-1719) that said Jefferson County Sanitary Commission was created to act for Jefferson County in the matter of building and constructing a sanitary sewerage system and protecting the public health of said county; that by the act of the general assembly of Alabama, approved February 28, 1901, (Acts of 1900-1901, pp. 1720-1728) the board of revenue of Jefferson county was required to issue negotiable bonds of the county to an amount not exceeding $500,000, the proceeds from which were to be used by Jefferson County Sanitary Commission for the purpose of constructing trunk lines of sewers as authorized by the first act above referred to, and that said bonds so issued by the board of revenue were to be sold and disposed of by said Jefferson County Sanitary Commission and to be issued on the request of said commission; that said Jefferson County Sanitary Commission sold and delivered to the complainant twenty bonds of the par value of $1,000, which bonds were issued under authority of said act, and complainant is now the owner and holder of some of said bonds which were purchased by it.

It was then averred in the bill that by the terms and provisions of the said act authorizing the issuance of said bonds, the principal of the bonds when due is payable out of and restricted to the surplus funds which are derived from the tax of 1-20 of 1 per cent, authorized to be levied by said act; that if the surplus funds derived from said tax of 1-20 of 1 per cent. are insufficient to pay the bonds issued under the authority of said act, then there is no funds provided for the payment of the principal of said bonds; that if bonds issued under the provisions of said act are not in excess of $300,000 the tax of 1-20 of 1 per cent, as authorized by said act, will produce an ample fund out of which to pay the interest on said bonds, protect the water supplies and provide a sinking fund sufficient to pay off the principal of $300.000 of bonds when due; but that if $500.000 of bonds were issued under said act, the tax derived

from 1-20 of 1 per cent. will be wholly inadequate and insufficient, after paying the interest on said $500,000 and protecting the water supplies, etc. to pay the principal on the $500,000 of the bonds when due; that it is claimed by the Jefferson County Sanitary Commission that the bonds of Jefferson county, which it is authorized to cause to be issued under the provisions of said act, when issued, will be a general obligation of Jefferson county, and that the payment of the principal of said bonds will not be restricted to the surplus derived from the tax of 1-20 of 1 per cent. but that the full taxing power of the county within the constitutional limits, may be exercised for the purpose of paying the principal of said bonds when due; and that said bonds being a general obligation of the county, may be paid out of the general revenue of the county derived from the general taxing power within the constitutional limits; that the said Jefferson County Sanitary Commission is about to sell and cause to be issued $480,000 of bonds, which, together with the $20,000 of bonds heretofore sold to complainant, will make a full issue of $500,000 of the bonds authorized to be issued under said act; that the Jefferson County Sanitary Commission propose, in violation of the power conferred by said act, to have said $480,000 of bonds issued and sold as a general obligation of the county, and in said bonds there is nothing to show that the principal of said bonds when due, is payable out of the surplus derived from the tax of 1-20 of 1 per cent.; that although said bonds may be sold and issued as a general obligation of said county, the principal of said obligation, when due, can not be paid out of the funds of the county derived from taxation generally, but must be paid, if paid at all, out of the tax of 1-20 of 1 per cent. authorized to be levied by said act. That if it is stated in the face of said bonds that the principal when due is payable out of the surplus derived from the said tax of 1-20 of 1 per cent. the Jefferson County Sanitary Commission will not be able to sell more than the total of $300,000 of the bonds authorized to be issued under the provisions of said act, and in that event the surplus derived from the tax of 1-20 of 1 per cent. will be ample to pay the

principal of said $300,000 of bonds when due, and the $20,000 of bonds purchased by complainants will be paid when due; that under such circumstances it is the duty of said commission to cause said bonds to show on their face, that the principal of the bonds is payable only out of the special fund as provided under said act.

The prayer of the bill is that Jefferson County Sanitary Commission and Jefferson county be enjoined from issuing any of said bonds purporting on their face to be a general obligation of Jefferson county, but that they be required to have said bonds show upon their face that the principal of said bonds is payable only out of the special fund derived from the tax of 1-20 of 1 per cent.

The defendants separately and severally demurred to the bill upon the following grounds: "1. Because said bill in connection with the several acts of the General Assembly of Alabama referred to therein, shows on its face that the said bonds issued and proposed under the authority of said acts, are properly authorized to be the general obligations of the county of Jefferson, and properly and legally payable at maturity, out of the general revenues of the county, derivable from taxes imposed within constitutional limits. 2. Because by said acts of the General Assembly of Alabama, approved February 28, 1901, (Acts of 1900-1901, pp. 1702 to 1728 inclusive), referred to in the bill of complaint, the issue of said sanitary bonds was legally authorized, and when duly issued and negotiated, they necessarily, under the constitution and laws of Alabama are contracts or obligations of the county to pay the debt evidenced thereby by means of the general taxing power of the county, in addition to the special means provided in and by said act. 3. Because the means for meeting the interest and principal of said bonds provided for in said act are not exclusive, and the provisions of said act with reference thereto are not a limitation upon the power and authority of the county to provide otherwise for the payment of said bonds at maturity by resort to the general taxing power of the county, if necessary. 4. Because the

[Birmingham Trust & Savings Co. v. Jefferson County, *et al.*]

county of Jefferson under the law, has power and authority to issue said bonds as the general obligations of the county, payable and negotiable as it is averred in the bill that the said county proposes and contemplates doing, and because the bonds of complainant under the law are likewise such general obligations."

Upon the submission of the cause upon the demurrer, the chancellor rendered a decree sustaining said demurrer. From this decree the complainant appeals, and assigns the rendition thereof as error.

E. J. SMYER, for appellant, contended that inasmuch as the act authorizes the issuance of the said bonds and provides for the payment of the principal of said bonds out of the surplus funds arising from the special taxes authorized, the principal of said bonds can not be paid out of the general funds of the county, and can be paid only out of said surplus funds.—Acts of 1900-1901, pp. 1702-1728.

JAMES WEATHERLY, *contra.*—The act of the General Assembly authorizing the issuance of said bonds, provide that the bonds, when issued, are to be the obligations of Jefferson county, and the principal, when due, is payable out of the general funds of Jefferson county. Said bonds are to be negotiable paper with all the privileges that appertain to negotiable paper. The special tax authorized by section 11 is intended by the legislature, to be an additional security to the general obligation of the county, for the payment of the bonds. It is fair to assume that in authorizing the creation of the large indebtedness to be evidenced by negotiable bonds, the obligations of the county, and the provision for the construction, with the money derived from the bonds, of a great work of public utility and necessity, the legislature should provide, and has provided appropriate and adequate means for the payment of the obligation both principal and interest.—*Fowler v. City of Superior*, 54 N. W. Rep. 800; *State v. Commissioners*. 37 Ohio St. 526; *Kimball v. Commissioners*, 21 Fed. Rep. 147; *United States v. Clarke County*, 96 U. S. 211; 24

[Birmingham Trust & Savings Co. v. Jefferson County, *et al.*]

Law, ed. 623; *County Board v. United States,* 109 U. S. 582; *U. S. v. Knox,* 51 Fed. Rep. 880; *Com. v. Perkins,* 43 Pa. St. 400; *Morrison v. Bernhards,* 36 N. J. L. 219.

McCLELLAN, C. J.—This bill is exhibited by the Birmingham Trust & Savings Company against the County of Jefferson and the Jefferson County Sanitary Commission; and this appeal is prosecuted from a decree sustaining a demurrer to the bill. To quote from the brief of appellant's counsel, "The question raised in the case is whether or not the bonds of Jefferson county authorized to be issued by the Jefferson County Sanitary Commission under the provisions of an act approved February 28th, 1901—Acts of General Assembly of Alabama, 1900-1901, pages 1722 to 1728—are the general obligations of the county and payable out of the general funds of the county when due, or whether the payment of the principal of the bonds is not restricted to the surplus fund arising from the special tax authorized to be levied by section 11 of the act." The contention of appellant that the principal of these bonds is payable only out of the fund arising from the special levy and that the bonds cannot be paid and therefore should not in terms be made payable out of the general funds of the county is rested solely upon the language of said section 11 of the act. That section is as follows: "That the Board of Revenue of Jefferson County shall for the tax year commencing October 1st, 1900, and ending September 30th, 1901, and each and every tax year thereafter, levy a special tax of one-twentieth of one per cent. on the value of all taxable property in said county as assessed for revenue for the State; the tax so levied and collected to be held exclusively as a sanitary fund to be used and applied exclusively to the payment of the interest on the sanitary bonds herein authorized to be issued, and to keeping in repair of the sanitary system of the county and protect the water supplies and the surplus, if any, to be used by the said board of revenue for the payment of the principal of said bonds." This section further pro-

vides that no levy in excess of the constitutional rate shall be made. The provisions of this section do not, in our opinion, support appellant's contention. It is to be taken for granted in respect of all such bonds that the legislative intention is that the principal is to be paid at some time, though there be no expression of such intention: That is the prime obligation set down in the face of them. Other provisions of this act are to the effect that the bonds shall become due and payable as to the principal at a time to be nominated in them, and that this time shall not be postponed beyond the term of fifty years. It is also provided that they shall bear interest at a rate not exceeding five per cent. *per annum*, and that they shall not be disposed of by the county at less than their face value. Now, this section 11, upon which appellant's position is rested, itself clearly evidences a legislative contemplation that the proceeds of the special tax will be or may be entirely appropriated to the payment of interest on the bonds and the expense of maintaining the sanitary system, or at least will be insufficient for those purposes and the payment of the principal; the provision being that *if there should be any surplus* arising from the special levy after paying interest, and the expense of keeping the system in repair and of protecting the water supply, such surplus should be used in the payment of the principal of said bonds. Thus recognizing the probable, or certainly possible, inadequacy of the special levy to provide funds for the payment of the principal, it would have been from the point of view of the legislature a vain and useless thing to authorize the issuance of these bonds, require their payment at a time certain and interdict their sale below their par value. It is not conceivable that the lawmakers had any such purpose. No such purpose is expressed in or is inferable from any other part of the act. To the contrary, the bonds provided to be issued are by the terms of the act to be "negotiable bonds of Jefferson county;" and a negotiable bond of Jefferson county can be no more nor less, in the absence, as here, of words of limitation, than the general obligation of that corporate entity to

[Mayor and Aldermen of Huntsville v. Smith *et al.*]

pay at all events and out of any of its funds necessary to that end the sum therein stipulated to be paid.

These views lead to our concurrence with the chancellor in his ruling upon the demurrer, and the decree in that behalf will be affirmed.

Affirmed.