# Dallas County *v.* Dillard.

*Action for Damages for Injury to Property by Changing Grade of Road.*

(Decided June 18, 1908.  47 South. 135.)

1. *Counties; Highways; Change of Grade; Liability of County for* —The term, other corporations, in section 235, constitution 1901, includes counties, so as to render them liable for damages to adjacent property due to a change in the grade of a road, whereby such property is left without egress or ingress for vehicles.

2. *Eminent Domain; Compensation; Liability of County*—The fact that at the time of the adoption of the Constitution, counties were not invested with the power of eminent domain, will not render section 235, Constitution 1901, inapplicable to them; as even if such were the case, a constitution is adopted for all time, and whenever the power of eminent domain should be conferred on the counties, they would be subject to the Constitution.

APPEAL from Selma City Court.

Heard before Hon. J. W. MABRY.

Action by Mary Dillard against Dallas county for damages for changing the grade of a public road leaving her premises upon a perpendicular embankment without ingress or egress for vehicles. Judgment for plaintiff and defendant appeals. Affirmed.

J. R. SATTERFIELD, for appellant. The only question presented by this case is whether or not counties are liable for injury done property by a change in the grade of a road where no property is taken. This is answered by the further question as to whether or not counties are included within the meaning of section 235, Constitution 1901. Our insistence is that they are not such a corporation as are included.—1. Dillon's Munic. Corp. 4th Ed. secs. 22, 23 and 25; *Askew v. Hale County,* 54 Ala. 639; *Stanfield v. Dallas County,* 80 Ala. 290; *Dunn v. Commissioners Court,* 85 Ala. 144. The authority over

bridges and roads is governmental and no liability attaches for injury resulting from a failure to exercise that authority in a manner conducive to the safety of the public as to persons and property.—*Askew v. Hale County, supra; Green County v. Eubanks,* 80 Ala. 206; *Barbour County v. Brunson,* 36 Ala. 366; *Sims v. Butler County,* 49 Ala. 115. General Acts 903, p. 412, was passed after the adoption of the Constitution, and cannot effect the construction contended for.

DANIEL PARTRIDGE, JR., for appellee.—A county comes with the provision of Section 235, Constitution 1901, and is liable for damages, on the facts disclosed in this record.—*City Council of Montgomery v. Maddox,* 89 Ala. 181; *Town of Avondale v. McFarland,* 101 Ala. 381. For the definition of the term, construction or enlargement, so far as liability, consequences and damages are concerned, see.— Authorities supra, and *Arnot v. City of Cullman,* 132 Ala. 551; *Niehaus v. Cook,* 132 Ala. 228; *Town of Eutaw v. Botnick,* 43 South. 739. In the exercise of the right of eminent domain, municipal corporations and private corporations, and individuals are as such mere political functionaries, mere governmental agencies,—as an incorporated county invested with the same right, so far as highways are concerned. —51 U. S. 511; 16 Wall. (83 U. S. 678) ; 86 U. S. 92; 15 Md. 376; 30 Ohio St. 604; 2 Mich. 427; Dillon Sec. 66. Counties in Alabama are corporations.—*Montgomery County v. Barbour,* 45 Ala. 237; *State v. Parker,* 83 Ala. 270; *Chester County v. Brower,* 117 Pa. St. 647.

SIMPSON, J.—This suit was brought by appellee against the appellant to recover for injury to her property. There is no dispute about the facts that the defendant, in improving one of the public roads of the

county, so changed the grade opposite to and adjoining the property of the plaintiff as to leave plaintiff's house and premises a considerable distance above the road on a perpendicular embankment, thus destroying ingress and egress for vehicles. The defendant demurred to the complaint, and the exceptions are to the overruling of the demurrer and rendering judgment for the plaintiff.

The contention of the appellant is that a county cannot be made liable for damages to adjacent property by the cutting down of a public road. Its counsel stresses the fact that no part of the plaintiff's property was "taken," but admits the injury. The general trend of the argument of the appellant is that a county, being merely a quasi corporation, a mere governmental agency, is not liable to suit, except in cases indicated by the Constitution or statutes of our state. There are numerous decisions in our own and other states which hold that counties are not endowed with all of the powers and functions of municipal corporations, but are governmental agencies endowed with corporate powers and functions, and subject to liabilities only in cases indicated by the statute. Consequently they hold that neither the county, nor its board of commissioners, or other officers, can be made liable for the negligence of said officers or agencies in performing governmental functions. As stated by this court, speaking through Brickell, C. J.: "It is a quasi corporation in the exercise of its corporate powers, and a governmental auxiliary in the exercise of the governmental powers intrusted to it."—*Askew v. Hale County,* 54 Ala. 630, 642, 25 Am. Rep. 730. It is unnecessary to cite all of our decisions on this subject, which may be found in the note to section 1397 of the Code of 1896, which declares that "every county is a

body corporate, with power to sue or be sued in any court of record." In the case now under consideration there is no effort to make the county liable for the negligence of any of its officers in the performance of any governmental functions, nor is there any denial of the fact that the county was authorized to do what it did do, as was the contention in the case of *Simpson v. Lauderdale County,* 56 Ala. 64; but the question is whether, in the exercise of its recognized powers, the county became liable for the injury which necessarily resulted therefrom.

Section 23 of our constitution of 1901 provides that "private property shall not be taken for, or applied to public use, unless just compensation be first made therefor"; so that even the state itself cannot take the property of the citizen without making just compensation therefor, and our decisions are that just compensation includes, not only the land taken, but the injury to the remaining lands.—*Harper v. Savannah R. Co.,* 69 Ala. 529; *Com'rs v. Street,* 116 Ala, 28, 22 South. 629. This section however, failed to provide for the case of injury to a person's land by a public improvement, without any actual taking of any part of it; and that distinction is emphasized in the appellant's brief in this case. An additional section was placed in our Constitution of 1875, and carried forward into our present Constitution of 1901 (section 235), providing that "municipal and other corporations, and individuals, invested with the privilege of taking property for public use, shall make just compensation, to be ascertained as may be provided by law, for the property taken, injured or destroyed by the construction or enlargment of its works, highways or improvements, which compensation shall be paid, before such taking; injury or destruction." The Supreme Court of Pennsylvania, with a county organization very

similar to ours, and a constitutional provision from which our last-cited constitutional provision was evidently copied, held that "a county is a corporation liable for consequential damages to private property injured, but not actually taken, in the erection of a county bridge;" also that, "though the Legislature has not provided a remedy to enforce this constitutional right so far as counties are concerned, yet, when consequential damages within the provision have been sustained, the right to compensation may be enforced by an action on the case."—_Chester County v. Brower_, 117 Pa. 647, 65, 12 Atl. 577, 2 Am. St. Rep. 713. That court says: "It [the county] is sometimes called a 'quasi municipal corporation.' In any event it is a corporation. It has its common or corporate seal. It acts through its duly constituted officers, and it may sue or be sued. The clause in the Constitution above recited is very broad in its terms. The framers of that instrument were seeking to redress what this court has repeatedly declared to be a great hardship, and which was regarded by many persons as a great wrong, viz., the exemptions of corporations from consequential damages where they injured private property without an actual taking thereof." For the statutory provisions of Pennsylvania, in regard to counties, see Brightly's Purdon's Dig. (12th Ed.) A to L, p. 436.

It seems clear that our constitution makers were seeking to remedy the same evil, when the provisions of the Pennsylvania Constitution were copied into our Constitution of 1875; and it would seem that, when we brought it forward into the Constitution of 1901, after this construction had been placed upon it by the Supreme Court of Pennsylvania, if we had intended it to be construed differently, we would have so changed the phraseology as to make it plain. At any rate, without resorting to

this line of reasoning, we think the reasoning and conclusion of the Supreme Court of Pennsylvania are sound. Whether quasi or otherwise, under our statute the county is a corporation, though its powers and incidents are limited, and is covered by the broad term "other corporation"; the emphasis being, not on the nature of the corporation, but on the fact that it is "invested with the privilege of taking property for public use."

The appellant insists that at the time of the adoption of our present Constitution counties were not invested with the power of taking lands for public use; that said power was not conferred until the act of October 10, 1903 (Acts 1903, p. 412), and that therefore section 235 does not apply to conties. The statutes before that time provided for taking lands for public roads, having viewers to assess the value, and for the payment of the compensation to which the landowner is "justly entitled." Code 1896, §§ 2445-2448. But, aside from that, Constitutions are adopted for all time, and even though there may not have been, within the state of Alabama, at the time of the adoption of the Constitution, a corporation authorized to condemn lands, whenever the statute conferred such powers, it would be subject to the provisions of the Constitution.

Our conclusion is that counties are included in the term "other corporations" in section 235 of our Constitution, and that the appellant is liable in this action.

The judgment of the court is affirmed.

TYSON, C. J., and HARALSON and DENSON, JJ., concur.