CHRIS WENCK and FRED WENCK, Appellants, v. CARROLL COUNTY, IOWA, Appellee.

Counties: LIABILITY FOR UNLAWFUL ACTS OF OFFICERS. A county is not liable in damages for the unlawful act of its supervisors in extending a drainage ditch beyond the boundary of the district to the injury of land outside; the remedy if any is against the persons guilty of the trespass.

*Appeal from Carroll District Court.*—HON. F. M. POWERS, Judge.

THURSDAY, DECEMBER 17, 1908.

ACTION at law to recover damages for trespass. The court having sustained a demurrer to the petition, the plaintiffs elected to stand upon their pleading, and from a judgment rendered against them for costs they appeal to this court.—*Affirmed.*

*George W. Bowen*, for appellants.

*E. A. Wissler*, for appellee.

WEAVER, J.—Stated briefly, the petition alleges the establishment of a drainage district, a portion of which bordered upon the land of plaintiff. He alleges that under the order for such establishment the ditch therein provided for was to have its outlet within or at the boundary line of said district, but that, instead of observing this plan, the county unlawfully and illegally caused the extension and excavation of said ditch across the line and for some distance into and upon plaintiff's premises, with resulting injury thereto, for which he seeks to recover damages.

Several grounds of demurrer are assigned, but we need consider only the one which asserts the nonliability of the county for trespasses or other torts committed by or under the order of its supervisors or other officers. The rule governing this class of cases has been too often decided against the appellants' contention to justify us in entering upon an extended discussion of the subject at this time. See *Packard v. Voltz,* 94 Iowa, 277; *Kincaid v. Hardin County,* 53 Iowa, 430; *Green v. Harrison County,* 61 Iowa, 311; *Dashner v. Mills County,* 88 Iowa, 401; *Lindley v. Polk County,* 84 Iowa, 308; *Nutt v. Mills County,* 61 Iowa, 754; 11 Cyc. 497, 498; 7 Am. & Eng. Enc. Law (2d Ed.), 947, 948.

It is true that in some exceptional cases counties have been held liable for injuries occasioned by negligence of their officers in the performance of certain duties, but there is no attempt to bring the plaintiffs' case within the doctrine of any of these exceptions. It, in effect, charges that, acting by its board of supervisors or other officers or agents, the county wrongfully and unlawfully entered upon plaintiffs' premises and excavated a ditch thereon, through which his fields have been flooded with water. The county could not authorize any such wrong, and its assumed authority could afford no excuse or justification to any person to commit such a trespass. Plain-

tiffs' remedy, if wronged in such a manner, is against the person or persons guilty of the unlawful intrusion. Counsel cites us to *Lindley v. Polk County*, 84 Iowa, 308, as holding that "a county is liable for a tort when the injury complained of is a personal injury." Even if such had been the holding in the cited case, it would not here be in point; but the language relied upon is quoted from the brief of counsel preceding the opinion, while the opinion itself is directly opposed to the position which the appellant desires us to uphold. None of the authorities cited by appellant go to the extent of sustaining an action like the one at bar. We can not at this late day undertake to overrule the long line of precedents to which we have referred. The rule which has heretofore obtained does not often work substantial injustice, and, if it is to be materially modified or overthrown, it should be done by an expression of the legislative will to that effect.

The petition shows no liability on part of the county, and the demurrer was properly sustained.—*Affirmed*.