(89 South. 174)

## JONES et al. v. JEFFERSON COUNTY.
### (6 Div. 963–963–A.)

(Supreme Court of Alabama. June 30, 1920. On Rehearing, April 7, 1921. Rehearing Denied May 5, 1921.)

**1. Counties** ⬤⟹141—**Counties not subject to liability in tort.**

Counties acting in their public capacity and as auxiliaries of the state are not on common-law principles subject to liability in tort, and can be required to answer to such liability only by virtue of its imposition by statute or Constitution.

**2. Counties** ⬤⟹144—**County not liable for pollution of stream by sewage disposal plant.**

The county is not by virtue of Const. 1901, § 23, or section 235, liable in tort to property owner for pollution of a stream by a sewage disposal plant.

**3. Evidence** ⬤⟹29—**Court may take judicial notice of act under which a sewage disposal plant is operated.**

The court may take judicial notice of a statute under which a sewage disposal plant is operated by county.

**4. Appeal and error** ⬤⟹854(6) — **An order granting new trial not reversed because of erroneous reason.**

An order granting a new trial, a good reason therefor appearing in the motion, will not be reversed on appeal, even though the lower court based its action on an improper ground.

**5. Counties** ⬤⟹200—**Claim for injuries resulting from sewage disposal plant must be presented within twelve months.**

A claim by property owners for injuries resulting from pollution of a stream by a sewage disposal plant must, under Code 1907, § 150, be presented to the county board within 12 months of accrual, and, if not so presented, action cannot be maintained.

**6. Counties** ⬤⟹222—**Complaint for injuries must allege that statement of claim was itemized and verified as required by statute.**

A complaint seeking recovery of damages from a county for injuries resulting from a sewage disposal plant is defective, where it did not show that the statement was itemized or verified by the claimant or some person in his behalf, having knowledge of the facts as required by Code 1907, § 147.

**7. Election of remedies** ⬤⟹6, 15—**Plaintiff may be required to elect between action at law and suit in chancery.**

Where plaintiffs brought an action at law for damages and a suit for injunctive relief wherein they claimed damages, they may be compelled to elect under Code 1907, p. 1564, rule 112, between the chancery suit in so far as it claimed damages and the action at law, although the election should not go so far as to compel them to abandon the chancery suit for injunctive relief if they elected to maintain the action for damages.

**8. Election of remedies** ⬤⟹6—**Where single court exercises law and chancery powers, motion for election may be maintained on either side.**

Where a single court as a circuit court exercised law and chancery powers, a motion to compel an election between an action at law for damages and a demand for damages in a suit for injunctive relief may be disposed of on either side of the court, although such motion originally had to be addressed to the chancery court.

### On Rehearing.

**9. Counties** ⬤⟹144—**County in constructing and operating a sewage plant held acting in governmental capacity, and not liable in tort for injuries.**

The county of Jefferson which, under Act Feb. 28, 1901 (Terry's Local Laws of Jefferson County, p. 532), operated a sewage disposal plant, must be held to be acting in a governmental capacity, notwithstanding section 36 provided for suits against the county, section 8 imposing no liability for operation of the plant, and hence the county is not liable in tort for injuries to property owners resulting from pollution of a stream.

Sayre and Gardner, JJ., dissenting.

Appeal from Circuit Court, Jefferson County; J. C. B. Gwin, Judge.

Action by Leo Jones and others against the County of Jefferson. Judgment for plaintiffs. From grant of new trial plaintiffs appeal, and defendant by way of cross-appeal assigns as error rulings on original trial. Modified and affirmed.

See, also, 203 Ala. 137, 82 South. 167.

The action is against the county of Jefferson for polluting the stream known as Valley creek, resulting from the maintenance and operation of a sewerage plant above plaintiff's land, whereby sewerage is collected and discharged into said creek from defendant's tanks or vats. The complaint, as amended, does not show that the itemized and verified account was filed within 12 months after the accrual of the demand. This omission is objected to by the twelfth ground of defendant's demurrer. The demurrer also raised the question of the liability of the county as a matter of law for the damages charged in the complaint. Demurrers to the complaint were overruled, and defendant pleaded the general issue and several special pleas, demurrers to which were sustained and trial had on the general issue and pleas of the statute of limitation of one and six years. There was a verdict for plaintiff for $650 and judgment accordingly. Defendant duly filed a motion for new trial, assigning 49 grounds, which was heard and granted by the court on March 9, 1919, the order not specifying any particular ground for the action of the court. On the same day the court added the following memorandum to its former order:

"This motion is granted on the sole ground that the court is of the opinion that the cause of action set forth in complaint cannot be maintained against the county of Jefferson, as there is no statute making it responsible and liable for the things alleged in complaint, and it is not liable under the common law."

Plaintiff appeals from the order granting a new trial, and defendant takes a cross-appeal, assigning for error the rulings of the trial court on the original trial.

Pinkney Scott, of Bessemer, for appellants.

The court erred in setting aside the judgment and in granting a new trial. 202 Ala. 82, 79 South. 476, L. R. A. 1918F, 1020; 178 Ala. 522; 169 Ala. 213, 53 South. 315, 32 L. R. A. (N. S.) 889; 137 Ala. 545, 34 South. 613; 195 Ala. 283, 70 South. 172; sections 5193, 5196-5198, Code 1907. Jefferson county was liable for damage for this nuisance. Section 123, Code 1907; 48 Ala. 566; 135 Ala. 465, 33 South. 435; 62 Me. 313; 10 Wall. 676, 19 L. Ed. 1040; (C. C.) 30 Fed. 259.

W. K. Terry, of Birmingham, and Huey & Welch, of Bessemer, for appellee.

The board of revenue was acting for the county and the action for damages under the common law cannot be maintained against the county while exercising governmental functions or power, and there is no statute authorizing such an action. Terry's Local Laws of Jefferson County, p. 533; 7 A. & E. Enc. of Law, 948-949; 87 Ky. 208, 8 S. W. 264, 12 Am. St. Rep. 473; 5 Neb. 494, 25 Am. Rep. 497; 10 Wall. 676, 19 L. Ed. 1040; 54 Ala. 649; 48 Ala. 649; 49 Ala. 110; 85 Ala. 590, 5 South. 341; 17 South. 105; 36 Ala. 362; 6 South. 914; 45 Ala. 176; 30 Ala. 130; 160 Ala. 111, 49 South. 809; 127 Ala. 563, 29 South. 29; 25 Ala. 460; 11 Cyc. 497; 15 C. J. 468; 143 Ala. 579, 42 South. 114; 144 Ala. 555, 42 South. 116, 113 Am. St. Rep. 58; 138 Ala. 479, 35 South. 454. Complaint did not show that the claim was itemized and verified as required by law. 146 Ala. 455, 41 South. 619; 152 Ala. 554, 44 South. 702; 127 Ala. 493, 29 South. 26; 128 Ala. 278, 29 South. 185; Section 150, Code 1907.

SOMERVILLE, J. The gravamen of the complaint is the operation by defendant of a sewage plant, whereby a large volume of sewage is collected on the banks of Valley creek in tanks and vats, from which quantities of foul and poisonous substances and fluids are discharged into the creek, poisoning its waters, and rendering them unfit for use, and producing an intolerable stench upon and adjoining lands of plaintiffs, interfering with or preventing their cultivation and their use for stock or for human habitation.

[1] It is settled by the decisions of this court, and is, indeed, a generally recognized principle of law, that counties, when acting, as ordinarily, in their public capacity and as auxiliaries of the state government, are not upon common-law principles subject to liability in tort, and that they can be required to answer to such liability only by virtue of its imposition by statutes or constitutions. Askew v. Hale County, 54 Ala. 639, 25 Am. Rep. 730; Dallas County v. Dillard, 156 Ala. 354, 47 South. 135, 18 L. R. A. (N. S.) 884; 15 Corp. Jur. 568. In the Dallas County Case it was held that counties are liable under section 235 of the Constitution for consequential injuries to property resulting from the construction or enlargement of their works, highways, or improvements, for which, in the absence of condemnation under the statutes, they may be sued in an action on the case.

[2] But in the case of Meharg v. Ala. Power Co., 201 Ala. 555, 78 South. 909, it was held that consequential damage resulting from the maintenance or operation of an authorized dam is not within the scope of

section 23, or section 235, of the Constitution. That ruling is a clear negation of any right of action here under those constitutional provisions.

[3] We may here take judicial knowledge of the fact that this sewage plant is being operated by the authorized officers and agents of Jefferson county under the authority granted by the act of February 28, 1901 (Terry's Local Laws of Jefferson County, p. 532); and we think it is clear, upon a consideration of all of the provisions of that act, that the Legislature contemplated and intended full responsibility by the county for any injuries done to private property in the survey and selection of routes for the trunk sewer and its laterals, and also in their construction and enlargement; that is to say, in the exercise of its granted powers of eminent domain. But we do not find in the act any provision for liability of the county, for indirect injuries resulting to adjacent property owners, or lower riparian proprietors, by reason of a nuisance created or aggravated by the maintenance or operation of a sewage plant such as this.

Section 8 of the act provides:

"That the said commission shall have the power and authority to purify sewerage at any point the same may be concentrated, and may erect a purification plant or plants at such place or places as it sees fit, and do everything necessary or needful for the purification or destruction of the sewerage."

But it imposes neither duty nor liability in the premises.

Section 36 of the act does, indeed, provide for and regulate suits against the county for acts done or omitted by the commission or its agents; but this is plainly referable to suits upon those causes of action which are recognized by the act, or authorized by the Constitution, and that provision cannot be extended by any reasonable implication to actions for injuries for which the county would not be liable on common-law principles.

It results that plaintiffs' action against the county cannot be maintained except upon the theory that, with respect to the construction and operation of this sewage plant, and the consequential pollution of the water of Valley creek and of the atmosphere on plaintiffs' land, the county is not acting in a political or governmental capacity, but is acting, quoad hoc, in a merely ministerial capacity, in the performance of a self-imposed corporate duty; and that it ought to be held liable for any resulting injury to private rights, as are other municipal corporations, properly so called.

We are convinced that this theory of the case is sound in principle, and it seems to be fully supported by the authorities. In 15 Corp. Jur. § 272, p. 569, it is said:

"Also a county is liable for its torts when it is acting, not as a governmental agent, but as a private corporation, or is performing special duties imposed upon it with its consent, or voluntarily assumed by it." Hannon v. St. Louis County, 62 Mo. 313; Barfield v. Macon County, 109 Ga. 386, 34 S. E. 596; Comanche County v. Burks (Tex. Civ. App.) 166 S. W. 470; Coburn v. San Mateo County (C. C.) 75 Fed. 520; Rowland v. Kalamazoo County, 49 Mich. 553, 14 N. W. 494.

It is true that the statute authorized the construction of this sewage plant, and, by necessary implication, authorized also its operation for the purpose of purifying or destroying the noxious material concentrated and carried by the county sewers. But, as said in Adler & Co. v. Pruitt, 169 Ala. 213, 220, 53 South. 315, 317 (32 L. R. A. [N. S.] 889), where the subject under consideration was a nuisance caused by the operation of a sewage plant by private parties under contract with Jefferson county, and constructed under this very act:

"In the absence of express statutory provision to that effect, it cannot be assumed that it was intended to legalize an act which would necessarily result in a nuisance, nor can it be assumed that the sewer would have been constructed to discharge a great volume of sewerage at a point where it would seriously interfere with plaintiff's right to enjoy pure and wholesome air in connection with her use of her property but for the provision for its treatment in the purification plant. The plant was authorized, and there is no doubt that it was designed and expected to render the sewerage innocuous."

From the allegations of the complaint in the instant case it appears that the operation of this plant has created a nuisance resulting proximately in actionable injury to plaintiffs, for which, prima facie, the defendant county is liable. The complaint does not show that the county is acting within the authority and to the end authorized by the act of February 28, 1901. Of course if the county is so acting, and is guilty of no negligence in the exercise of the powers granted by the Legislature, this would be a complete answer to the complaint, for there can be no liability for a legally authorized nuisance. Hamilton v. Ala. Power Co., 195 Ala. 438, 70 South. 737; Meharg v. Ala. Power Co., 201 Ala. 555, 78 South. 909.

It results that the trial court was in error in justifying its order for a new trial upon the theory of the legal immunity of the county.

[4] Counsel for plaintiffs has erroneously assumed that our review of the action of the court must be limited to that ground of the motion thus singled out by the trial court in the explanatory memorandum subjoined to the order, but forming no part of the order itself. On appeal such a memorandum cannot be considered for any purpose. Richard

v. Steiner Bros., 152 Ala. 303, 44 South. 562; 4 Corp. Jur. 96. The rule is that an order granting a new trial, a good reason therefor appearing in the motion, will not be reversed on appeal, even though the court based its action upon an improper ground. Choate v. A. G. S. R. R. Co., 170 Ala. 590, 54 South. 507.

[5, 6] On this principle the granting of the new trial must be sustained for at least several of the reasons set out in the motion. The complaint does not allege that the statement of plaintiffs' claim was presented to the county board within twelve months of its accrual, as required by section 150 of the Code. Autauga County v. Davis, 32 Ala. 703; Marshall County v. Jackson County, 36 Ala. 613, 615. Nor does it allege, even as amended, that the statement was itemized and sworn to by the claimant, or some person in his behalf, having knowledge of the facts, as required by section 147 of the Code. Washington County v. Porter, 128 Ala. 278, 29 South. 185; Schroeder v. Colbert County, 66 Ala. 137. Both of these defects were pointed out by appropriate grounds of demurrer, which were erroneously overruled.

[7, 8] On the showing made by the record, it is clear that the trial court erred in overruling defendant's motion to require an election by plaintiffs as between the prosecution of their suit in chancery, for damages for the identical conduct and injuries here complained of, and the prosecution of this action at law. Rule 112, p. 1564, Code of 1907; Doe v. McLoskey, 1 Ala. 708; P. &. M. Bank v. Borland, 5 Ala. 531; P. & M. Bank v. Walker, 7 Ala. 926, 944. While this rule of election is enforceable only by the court of chancery under a system of separate courts of law and chancery, yet where both jurisdictions are united in the circuit court, as now, the motion for election may be made on either side of the court having jurisdiction of both proceedings. Authorities, supra.

It would seem that the election in this case need only be specific if plaintiffs choose to proceed at law; that is, they would not be required to abandon their chancery suit in toto, but only as respects the claim therein for the damages claimed in this action at law. P. & M. Bank v. Walker, 7 Ala. 926, 942. Plaintiffs are of course entitled to prosecute their suit in chancery for injunctive relief, but they are not entitled to prosecute a claim for the same damages, for the same wrongs, in two concurrent causes in law and in equity.

For the reasons stated, the order of the trial court granting a new trial will be affirmed; and the order overruling the motion for an election by plaintiffs will be reversed, and an order here made and entered, granting that motion and requiring an election as set forth.

Affirmed in part, and reversed and rendered in part.

All the Justices concur.

## On Rehearing.

PER CURIAM. [9] On application for rehearing the court has reached the conclusion that we were in error in the original opinion in holding that the county of Jefferson with respect to the construction and operation of its sewerage plant was acting in a ministerial capacity in the performance of self-imposed corporate duties. On further examination of the various acts of the Legislature creating the Jefferson county drainage district, and providing for the construction, maintenance, and operation of trunk sewers, purification plants, etc., we hold that the county of Jefferson is acting in a public or governmental capacity, and is therefore not liable in damages for the pollution of the water of Valley creek or its atmosphere on plaintiff's land, except as may be provided expressly by law. In the discharge of these statutory imposed duties, the county has and can have no pecuniary interests, or other interest than to discharge a duty imposed by law for the public good. The act of February 28, 1901, made Jefferson county a sanitary district, and established a sanitary commission to construct, maintain, and operate a trunk line of sewerage from near East Lake to Birmingham, and on to Bessemer, and to be ultimately emptied into Valley creek. It also authorized the construction of purification plants, and required that all the acts on the part of the commission should be done in the name of the county of Jefferson. The commission constructed, maintained, and operated the system until August, 1909, when the commission was abolished and all rights, powers, and duties of the commission were then imposed upon the board of revenue of Jefferson county, by which board the sewerage, drainage, and purification plants have since and are now being operated. The statutes have authorized the county to levy and collect taxes for the exclusive purpose of defraying expenses of constructing, maintaining, and operating the system as for public purposes. The work and operation is done for and on behalf of the public.

The constitutionality of these acts were challenged in the case of Keene v. Jefferson County, 135 Ala. 465, 33 South. 435, but they were upheld by the court upon the ground that the county, as an arm or agency of the state, when authorized by the Legislature, could build a sewerage system and issue bonds and levy taxes for the purpose of defraying expenses.

In the case of Birmingham, T. & S. Co. v. Jefferson County, 137 Ala. 375, 34 South. 398, it was held that the bonds issued for sanitary purposes were a general obligation on

the part of the county, and payable out of general funds. On April 7, 1911, the Legislature passed an act authorizing the board of revenue of Jefferson county to apply portions of the sanitary fund raised by taxation to provide septic tanks, branch lines, sewers, repairs, upkeep, etc., of the sanitary system. On September 15, 1915, the Legislature passed an act authorizing all counties to improve the sanitary conditions of their counties by laying trunk lines of sewers, constructing purification plants and disposal plants, etc., and provided that such work should be done on the approval of the executive officers of the State Board of Health, thus declaring the general public policy of the state on the subject. This last act was intended and had the effect to confer on all counties of the state the same rights and powers, if not the same duties, which were therefore conferred upon Jefferson county by the acts above referred to.

Construing all these statutes together, we have reached the conclusion that it was the evident purpose of the Legislature to declare the business or duty of constructing, maintaining, and operating trunk lines of drainage and sewers, purification plants and disposal plants, etc., for sewage, a public county purpose, and that counties which are engaged in the performance of such duties or exercising such power are acting in their public or governmental capacity as mere arms or agencies of the state, and are therefore not liable as for torts, either of nonfeasance or malfeasance of county officers, agents, or employés.

As stated in the original opinion in this case, and as all the authorities hold, counties are never liable as for torts of their officers, agents, agencies, or employés in the discharge of public or governmental functions, unless expressly made so by constitutional or statutory provisions.

There is a well-recognized distinction between liability of counties, and that of cities or towns, as to these matters. Towns and cities are voluntary corporations, but counties are involuntary corporations. As was said by this court in the case of Southern Railway Co. v. St. Clair County, 124 Ala. 495, 27 South. 25:

"At all periods of organized government, territorial and state [counties] have been recognized as political divisions, created and organized as governmental agencies or auxiliaries, to aid by local administration, the sovereign power, in promoting the general welfare within the territorial limits to which they are assigned. It is to these agencies the power of taxation is usually delegated. A county has been defined as an involuntary political.or civil division of the state, created by statute to aid in the administration of government. It is in its very nature, character, and purpose public, and a governmental agency, rather than a corporation. Whatever of power it possesses, **or**

206 ALA.—2

whatever of duty it is required to perform, originates in the statutes creating it, or in the statutes declaring the power and duty. Askew v. Hale County, 54 Ala. 639; Chambers County v. Lee County, 55 Ala. 534; Stanfil v. Court County Revenue, 80 Ala. 287; Dunn v. County Court, 85 Ala. 144."

For these reasons it is the policy of the law not to hold the sovereign, nor its arms or agency, such as counties, liable as for damages in the discharge of these public duties done to preserve the health and promote the happiness and the general welfare of the people in the state or county. In the discharge of these public and governmental functions by the counties, damage or injury may often result to the citizen in consequence of the negligence of some agents or officers of the state, county, or other arm or agency of the government; but it is the law of the state and of the land that neither the state, county, nor other arm or agency of the government is liable in damages to the citizen who may suffer loss in consequence of such negligence, unless the Constitution or statute expressly so provides.

In the case of White v. Ala. Insane Hospital, 138 Ala. 479, 35 South. 454, this court held that the defendant corporation was not liable in damages for the wrongful or negligent act of its agents or servants in the operation of a coal mine, which was being operated by the hospital to supply the institution with the coal; and the nonliability was placed solely upon the ground that the hospital was an arm or agency of the state, and was not liable in the absence of express statutory provision to that effect. In that case the operation of the coal mine was not a necessary incident to the construction or operation of the hospital for insane people. It was merely a matter of economic convenience, and the corporation could engage in it or not as it saw proper.

In the case of Alabama Girls' Industrial School v. Reynolds, 143 Ala. 579, 42 South. 114, this court held that a mere state agency maintained for governmental purposes could not be held liable even under a cross-bill, where the institution had filed the main bill against one of its agents or agencies. In this case it was held that suit against any agency of the state was a suit against the state itself in reality, and that the institution must be held to be protected against all actions or suits as the state itself would be protected. The mere fact that the statute authorized suits against counties or corporations which constitute arms or agencies of the government⁎ does not render them liable to actions in damages in consequence of the torts of the agents or officers of such corporations. The nearest case in point that we have been able to find is that of Lefrois v. County of Monroe, 162 N. Y. 563, 57 N. E. 185, 50 L. R. A. 206. In that case the county

of Monroe was sought to be held liable for the pollution of the stream and the surrounding atmosphere by sewage from the penitentiary and almshouse, which was by the county conducted by reservoirs to a nearby farm owned by the county. The county was held liable in the trial court upon the grounds that the county held the farm as an ordinary proprietor, and that its duties as to it were self-imposed, and that it was liable for the negligent performance of the duties pertaining to the farm; that while the keeping of the poorhouse and penitentiary were public and governmental functions, the farm was not, and the county was liable for negligence of its agents or officers. The Court of Appeals of New York, however, reversed the decision of the lower court, and held that the county was not liable; that the farm was a mere incident of the poorhouse and penitentiary, and that it related to the management of public and governmental affairs, as to which the county was not liable.

A somewhat similar case is that of Wenck et al. v. Carroll County, 140 Iowa, 558, 118 N. W. 900. In that case it was held that the county was not liable in damages for the extension of a drainage ditch beyond the boundary of the district to the injury of land outside. In the New York and Iowa cases cited, the court applied the same rules of law to the construction and operation of drainage, sewerage, and purification plants that are applied when the county is engaged in constructing or maintaining roads and bridges. We have a long line of cases in this state holding that counties are not liable in damages in consequence of negligence in the construction or maintenance of public roads and bridges, except as is expressly provided for by statute, and we are of the opinion that the same rule of law should be applied to the county of Jefferson as for the construction, operation, and maintenance of trunk lines of sewerage, purification plants, etc. The county of Jefferson, in constructing and maintaining the Jefferson county drainage and sewerage system, is acting in a public and governmental capacity, and not in the performance of a self-imposed corporate duty, and it is therefore not liable for any resulting injury to private rights, except such as are imposed by the Constitution or statutes of this state. We do not know of, and are not referred to, any constitutional provisions or statutes which would render the county of Jefferson liable for any wrongs or injuries complained of in this action.

The application for rehearing is granted, and the original opinion is modified as above indicated.

All the Justices concur, except SAYRE and GARDNER, JJ., who dissent.