179 So. 912

MORGAN COUNTY v. STANDRIDGE.

8 Div. 878.

Supreme Court of Alabama.

March 24, 1938.

1 Ante, p. 199.

488

Julian Harris and Norman W. Harris, both of Decatur, for appellant.

Peach & Caddell, of Decatur, for appellee.

BROWN, Justice.

This appeal is on the record, without bill of exceptions, from a judgment for the plaintiff rendered on the verdict of the jury responding to the issues presented by the second count of the complainant, which appears in the reporter's statement of the case.

This is an action on the case, by an abutting landowner, to recover damages for the physical disturbance of the plaintiff's land in consequence of the improvement by the defendant of one of its highways. The gravamen of the complaint is that the defendant in the improvement of said highway "constructed a culvert or waterway across said street, and so constructed or built it that it was insufficient and inadequate to carry and discharge the accumulation of water from natural drainage above said land, and, instead, the construction of said culvert or waterway diverted the water from the course that it had taken prior to the construction of said culvert and caused the water to overflow and run upon the lands of plaintiff * * * washing away the soil and otherwise damaging said land."

The insistence of the appellant is that the complaint is defective and subject to the grounds of demurrer, pointing out that: "There was no allegation in any count of the complaint that the injuries complained of were ascertainable at the time of the doing the works," and that: "It is impossible to ascertain from the complaint whether the plaintiff's land was on the higher or lower side of the road. Therefore, it is impossible to tell whether the water was running away from plaintiff's land and under the culvert, or whether it was running toward plaintiff's land, with the road to cross before reaching it."

Hamilton et al. v. Alabama Power Co., 195 Ala. 438, 70 So. 737, and Meharg v.

Alabama Power Co., 201 Ala. 555, 78 So. 909, 910, are cited to support the first stated ground.

The utterances relied on to sustain the first contentions above stated are found in the last cited case, to wit: "The complaint does not charge such a taking or injury to property as is covered by section 23 of the Constitution. Nor does it show a right to recover for injuries resulting thereto as covered by section 235 of the Constitution. The injuries complained of did not exist, nor could the damages therefor be ascertained upon the construction of the dam, but arose subsequent thereto and as the result of the maintenance of same in conjunction with subsequent intervening causes. In other words, the injuries complained of were not capable of being ascertained at the time the dam was constructed, or even so reasonably contemplated as to authorize payment or security therefor as provided by said section 235 at the time of the construction or enlargement of the ways, works," etc.

The gravamen of the complaint in that case was that the defendant by the construction of its dam across Coosa river caused the waters of said river to back up over a vast area on its land, submerging green and growing vegetation and fallen timber, creating noxious odors poisoning the atmosphere, and a breeding place for malarial mosquitoes, which became a pest to plaintiff and his family, whose residence was located about three-quarters of a mile from said pool, in consequence of which the plaintiff and his family were made sick, causing plaintiff expense, and depreciated the value of his property, to his damage. The plaintiff in that case in his complaint negatived the fact that there was any physical disturbance of his land.

The inundation and submerging of the defendant's lands in the cited case was expressly authorized by law—the act of Congress—and hence could not be classed as a nuisance. The inundation did not physically disturb the plaintiff's land, or render it less convenient, therefore damages resulting therefrom was not within the influence of section 235. There was no taking of private property, and section 23 of the Constitution did not aid the plaintiff. The inundation and submerging by the defendant of its own property was not a negligent act; hence the damage resulting to third persons fell within the maxim of the common law, damnun absque injuria. 20 R.C.L. § 3.

Here, as a direct consequence of the improvement, there was a physical disturbance of the plaintiff's property, creating an injury and damage within the contemplation of section 235 of the Constitution, and the law imposed on the defendant in the improvement of its property to take into account and anticipate the injurious consequences from natural causes, such as rainfall, and make just compensation therefor to be ascertained as provided by law. Finnell et al. v. Pitts, 222 Ala. 290, 132 So. 2; Dallas County v. Dillard, 156 Ala. 354, 47 So. 135, 18 L.R.A.,N.S., 884; Arndt v. City of Cullman, 132 Ala. 540, 31 So. 478, 90 Am.St.Rep. 922; Alabama Power Co. v. City of Guntersville, 177 So. 332, ante, p. 136.

If such physical disturbance and consequential damage was caused as the result of the work, it is not material to the liability whether the land was situated above or below the road improved.

Said count 2, after setting out in hæc verba plaintiff's claim, duly verified, avers: "That said claim as above set out was presented to the Board of Revenue of Morgan County, Alabama, at regular session at a meeting held by said Board on May 11th, 1936, and that upon motion of W. H. Meadows, seconded by J. W. Lynn, it was ordered by the Board that the claim be disallowed."

These averments met the other stated grounds of demurrer.

The ruling of the court on the demurrer was free from error.

Affirmed.

ANDERSON, C. J., and FOSTER and KNIGHT, JJ., concur.