2 So.2d 405

**SHERLOCK, State Highway Director, et al. v. MOBILE COUNTY et al.**

1 Div. 112.

Supreme Court of Alabama.

May 22, 1941.

Thos. S. Lawson, Atty. Gen., and W. W. Callahan, Asst. Atty Gen., for appellants.

248

V. R. Jansen, of Mobile, for appellees.

BROWN, Justice.

The appellees [respondents], in consideration of the execution of the obligation, a copy of which is attached to the bill as "Exhibit 1", induced and authorized the complainants to construct a strip of highway in Mobile County, approximately a mile and a thousand feet in length, without costs to the county other than as expressed in said obligation, to wit:

"The County of Mobile hereby agrees to save harmless the State of Alabama, the State Highway Department, members of the State Highway Commission, the Contractor or Contractors, and their respective agents and employees *from all consequential damages* occurring to any person, firm or corporation by reason of the construction of the above-described project, and in case of claims for damages, the County agrees to settle or pay all such claims, either out of court or in court proceedings, together with all costs incurred in connection therewith.

"The County agrees that in case suits are brought against the State of Alabama, the State Highway Department, members of the State Highway Commission, the Contractor or Contractors, and their respective agents and employees to intercede and assume all liability for said suits, to pay the claimants such sums as may be assessed by the courts, including all court costs, together with all attorney's fees or legal fees that may have accrued to the State, State Highway Department, members of the State Highway Commission, Contractor or Contractors, and their respective agents or employees by reason of such claims, suits or judgments." [Italics supplied.]

The project was designated in the plans and specifications prepared by the State Highway Department; through its engineering force as "W. P. G. S.-376-Mobile County, Alabama," and involved the separation of the grade of the highway from the G. M. & N. Railroad and the Railroad Company contributed $6,000 to the project, which was accepted by the County. As a consequence of the construction, suits have been filed by landowners adjacent or abutting, for damages, against the individual members of the Highway Commission, the contractor who performed the work, and the Railroad Company, claiming damages to their property; one alleging that the improvement of the highway interfered with the natural drainage therefrom; and others alleging that said improvement obstructed egress and ingress to their properties.

The contention of appellees is that the obligations of said writing, "Exhibit 1", is ultra vires the county.

The improvement was of a county highway within the jurisdiction of the county, and the county acting through its official board had the legal right to make the improvement, also had legal authority to enter into the arrangement with the State Highway Commission to have the work done and supervise the same, and the county was authorized to acquire the necessary right of way by the exercise of the power of eminent domain. Acts 1927, pp. 391, 393, 358, Michie's Code, 1928, § 1397, Subsections 33, 110 and 116, Code 1940, Tit. 23, §§ 25, 43, 44; Code of 1923, § 7476, Code 1940, Tit. 19, § 1.

Therefore, whether the complainants and the contractors who supervised and performed the work be regarded as, pro hac vice, the agent or independent contractors of the county, the Constitution and the Statutes made it the duty of the county to make just compensation to the owners for the property taken as right of way, and liable for the injury to property in consequence of said improvement. Mobile County v. Barnes-Creary Supply Co., 225 Ala. 127, 142 So. 72; Dallas County v. Dillard, 156 Ala. 354, 47 So. 135, 18 L.R.A.,N.S., 884; Morgan County v. Standridge, 235 Ala. 486, 179 So. 912.

The county cannot avoid liability to property owners for property taken or for injury done, within the meaning of § 23 and § 235 of the Constitution, by authorizing the work to be done by a third person acting by the county's authority, whether such third person be an agent or an independent contractor. Republic Iron & Steel Co. v. Barter, 218 Ala. 369, 118 So. 749.

The legal effect and scope of the obligation to indemnify, in so far as the County of Mobile is concerned, is that the county merely assumed liability which rested upon it as a matter of law, and therefore the obligation entered into is not ultra vires.

We do not wish to be understood as holding that the plaintiffs in all of said suits or any of them are entitled to recover. It may be that the principle applied in Hamilton et al. v. Alabama Power Co., 195 Ala. 438, 70 So. 737, as explained in Morgan County v. Standridge, supra, is applicable; nevertheless it was within the county's authority to agree to defend its agents against said suits.

The conclusion and decree of the circuit court is not in accord with these views, and said decree is reversed and one here rendered declaring that said written obligation attached as exhibit to the bill is a valid binding contract on the part of the County of Mobile and its governing body; that the complainants are entitled to have said county appear and defend said suits and pay such damages as may be recovered, and the costs and expense thereof, including reasonable attorney's fees.

Let appellees pay the costs of this proceeding and the costs of the appeal.

Reversed and rendered.

GARDNER, C. J., and THOMAS and LIVINGSTON, JJ., concur.