THE KANSAS CITY & SOUTHWESTERN RAILWAY COM-
PANY *et al.* v. ISABELLA K. FISHER.

1. CONDEMNATION PROCEEDING—*Notice, not Given.* An attempted con-
demnation of land for the right-of-way of a railroad, without giving
the notice provided by ¶ 1395 of the General Statutes of 1889, is
void.

2. FOREIGN RAILROAD COMPANY—*Right-of-Way—Liability to Landowner.*
A railroad company organized under the laws of a neighboring state,
which is·in possession jointly with a railroad company organized un-
der the laws of Kansas of a railroad constructed across plaintiff's
land, over which a right-of-way has never been purchased nor con-
demned, claiming ownership thereof, is liable to the owner of the
land for the value of the land taken and the damages to the balance
of the tract; and the plaintiff may recover against both railroad com-
panies as for a permanent taking and appropriation of such right-
of-way.

*Error from Miami District Court.*

ACTION by *Isabella K. Fisher* against the *Kansas City &
Southwestern Railway Company* and the *Missouri Pacific
Railway Company.* Judgment for plaintiff, and defendants
bring error.

*Waggener, Martin & Orr,* for·plaintiffs in error.

*W. H. Sheldon,* and *J. W. Deford,* for defendant in error.

The opinion of the court was.delivered by

ALLEN, J.: Isabella K. Fisher brought this action against
the Kansas City & Southwestern Railway Company and the
Missouri Pacific Railway Company to recover the value of a
portion of her farm, which she alleged had been appropriated
by the defendants for a right-of-way for a railroad, and dam-
ages to the land not taken. The petition is very long and
circumstantial, and alleges an attempted condemnation of a
right-of-way by the first-named railway company, and that
such condemnation was invalid for various reasons, and spe-
cifically stated, among others, that the commissioners,

"before proceeding to so lay off said railroad route, never·

gave, or caused to be given, nor did the defendant ever give, or cause to be given, any notice whatever, by publication in any newspaper published in said Miami county, or any other newspaper, of the time when the same would be commenced, nor was any such notice ever given at all in Miami county or elsewhere by publication in any newspaper, as required by law."

The defendants first filed an answer containing merely a general denial, but afterward filed an amended answer alleging a condemnation of the right-of-way by the Kansas City & Southwestern Railway Company. The plaintiff replied with a general denial of the averments of the answer. The trial was had before a jury, and a general verdict in favor of the plaintiff for $1,257.63 was returned; also, answers were made to special questions showing that the jury awarded $37 per acre for the land taken, and $5 per acre as damage to that not taken. None of the evidence is brought to this court.

It is contended that the averments of the petition are insufficient, and various allegations are criticised. We think, however, that enough is stated to show that the attempted condemnation was void, and that the averments with reference to the failure to give notice in the manner provided by the statute of the time when the commissioners would proceed to lay off the route is alone sufficient to avoid the condemnation proceedings. Inasmuch as the charge of the court to the jury contains the statement that "the records and proceedings in the condemnation of this land will be no bar to the recovery of damages by the plaintiff in this action," we infer that the proceedings of the commissioners were offered in evidence, and were held by the court to be invalid. As the plaintiffs in error have not seen fit to incorporate a copy of these proceedings in the case presented for our consideration, it is to be presumed that the ruling of the court was right.

It is contended that the Missouri Pacific Railway Company, being a Missouri corporation, could not acquire a right-of-way

by condemnation, and therefore that it was error for the court to enter a judgment against it as though it were acquiring such right-of-way. The petition alleges

"That said defendants claim to be the owners of said railroad, so as aforesaid in operation across and over plaintiff's said above-described land, which said railroad is known and designated as the 'Kansas City & Southwestern Division of the Missouri Pacific Railway;' that said defendants are now in possession of and using said strip of land over and across the land of plaintiff, hereinbefore described, as and for a railroad track, on which to run their trains carrying freight and passengers, and thereby deprive plaintiff of any use of or control over said 7.82 acres of land, as above described."

The petition also avers that the plaintiff is willing and elects that, upon payment of such damages as may be awarded upon final judgment in this action, the defendants may have and enjoy an easement and right-of-way for a railroad as though the same had been legally appropriated theerfor. While it may be true that a railroad company incorporated under the laws of another state cannot exercise the right of eminent domain to acquire a right-of-way in this state, we are unable to perceive how the defendants in this case could raise the question of their own want of power, nor do we perceive that a question of power to condemn a right-of-way is in issue. Railroad companies incorporated under the laws of any other state or territory of the United States may consolidate under the terms and conditions provided by statute with railroad companies owning lines of road in this state, or may purchase or lease the property of a connecting road, forming a continuous line with their road, in a neighboring state, under ¶¶ 1268 or 1269 of the General Statutes of 1889. There is nothing in the record to apprise the court of the nature of the contract between the two railroad companies. The general finding being in favor of the plaintiff, includes a finding in her favor upon all of the material averments of the petition.

Both companies seem to have rested their defense mainly on the condemnation proceedings instituted by the Kansas

City & Southwestern company. These having been held invalid, an assessment of damages was made. The only special questions submitted to the jury by the defendants were with reference to the assessment of damages. There was no question submitted bearing on the liability of either company to pay damages. If the Missouri Pacific Railway Company has in fact purchased the railroad of the Kansas City & Southwestern, and is in possession and occupation of this right-of-way, there is no reason why it should be permitted to continue such occupancy without payment, or why the appropriation may not be treated as a permanent one in this case, as well as in any other. Some criticism is made on the form of the judgment, which is, that the plaintiff recover of the defendants, as in the nature of an award, the sum of $1,242.40 and costs, and provides that execution issue. We perceive no serious defect in the form of the judgment, and think it authorizes an execution to be issued for the collection of the amount awarded. The judgment is affirmed.

All the Justices concurring.