THE ST. LOUIS & SAN FRANCISCO RAILROAD COM-
PANY v. MARY A. YOUNT, as *Administratrix*,
etc., et al.

No. 13,066.   (73 Pac. 63.)

SYLLABUS BY THE COURT.

1. RAILROADS—*Right of Way—Action for Damages.* Where a
contract made between a landowner and a railroad company
in settlement of damages for a railroad right of way has been
partially, but not fully, performed by the railroad company,
and after the lapse of nearly fifteen years the contract is aban-
doned by the railroad company, the landowner may institute suit
on the basis of a permanent appropriation of the land by the rail-
road company for railroad uses at that time, and recover damages
as upon a proceeding by condemnation for such purpose.

2. ——— *Joinder of Causes of Action.* In such an action it is
proper to ask further a judicial determination of the fact that the
contract no longer measures the rights of the parties.

Error from Cowley district court; W. T. McBRIDE,
judge.   Opinion filed July 10, 1903.   Affirmed.

STATEMENT.

THE Kansas City & Southwestern Railroad Com-
pany constructed a line of railroad upon certain lands
in Cowley county belonging to G. W. Yount, after hav-
ing secured a right of way by proper condemnation
proceedings and a deposit of money to cover the award
of damages.   Being dissatisfied with the amount of
damages allowed, the owner appealed.   Upon Octo-
ber 19, 1885, pending the appeal, the owner and his
wife entered into a written contract with the railroad
company, as follows :

"Memorandum of an agreement made and entered
into by and between G. W. Yount and Mary Yount,
his wife, of the county of Cowley, in the state of Kan-
sas, parties of the first part, and the Kansas City &
Southwestern Railroad Company, a corporation duly

organized, existing and doing business under the laws of the state of Kansas, party of the second part, witnesseth :

" That, whereas, said railroad company has constructed its line of railroad across, through and upon the N. W. ¼ and the S. W. ¼ of section No. 10, in township No. 32 south, of range No. 4 east, in Cowley county, Kansas, and have secured the right of way through the same, by proper condemnation proceedings, and have made the proper deposit therefor ; and whereas, the said Younts have appealed from the condemnation proceedings, and are the owners of said land in fee, and are the owners of a certain stone-quarry on said described land, and near the right of way of the railroad of the second party :

" Now, therefore, in consideration of the covenants and agreements of the second party herein set forth, said first parties do hereby agree, for themselves, their heirs, and legal representatives, to execute and deliver to the second party a good and sufficient deed, conveying to the second party a strip of land 100 feet wide, being fifty feet on each side of the center line of said railroad company's track, as the same is now located through and across the west half of the N. W. ¼ of said section No. 10, and also a strip of land sixty-six feet wide, being thirty-three feet on each side of the center line of said railroad company's track, as the same is now located through and across the S. W. ¼ of section No. 10, 1750 feet, beginning at the north line of said quarter-section, and the remainder of the way across said quarter-section to the south line thereof, a strip of land 100 feet wide, being fifty feet on each side of the center line of said railroad company's track, as the same is now located through the same.

"And in consideration of the execution and delivery of the deed for the land above described, the said second party, for itself, its successors and assigns, hereby agree to erect and forever maintain a good and lawful hog-tight fence on the east side of its track, extending from the north line of said S. W. quarter of section No. 10· to Timber creek, and a good and lawful fence on each side of its track through the rest of the above-

described lands, except that no fence shall be built by the second party on the west side of track through the feed-lots by the stone-quarry on said land, and also put in and forever after maintain a switch on the west side of its track, at the stone-quarry above mentioned, said switch to be constructed near enough to the derrick now standing in said quarry to enable said first party to load cars with said derrick; said switch to be of sufficient capacity to hold ten cars, and the capacity to be increased as the business of the quarry may demand, and is to construct and forever after maintain a crossing at the road at the stone-quarry, with a good and substantial gate opposite said crossing, and to construct and forever after maintain a good and substantial crossing in the south pasture, and to put in a cattle-way at the ravine in the south pasture lot; and said first party to have the right to go upon the right of way of the second party at any time thereafter, to lower the drains at the stone-quarry aforesaid at their own expense, so they do not interfere with or impair the operation of said second party's railroad.

"And it is mutually agreed that said first party shall dismiss their appeal at their own cost, and said second party, by the acceptance of this contract, abandons its claim under said condemnation proceedings, and is entitled to withdraw the deposit made with the county treasurer of said county of Cowley, under such condemnation proceedings.

"It is further agreed, that the said deed of the first party shall not be delivered to the second party until the second party shall have performed all the obligations on its part provided for by this contract. It is further agreed and understood that the benefits as well as the obligations arising under this contract, to and against the first party, shall extend to and be binding upon their heirs, legal representatives, and assigns, and that the benefits as well as the obligations arising under this contract to and against the second party shall inure to and be binding upon its successors, legal representatives, and assigns; said switch to be put in within thirty days from this date, and fence by July 1, 1886.

"In testimony whereof, said parties of the first part have hereunto subscribed their names, and the party of the second part has caused its name to be hereunto subscribed by its duly authorized agents, this 19th day of October, 1885.            G. W. YOUNT.

MARY YOUNT.

KANSAS CITY & SOUTHWESTERN RAILROAD COMPANY.
    [SEAL]             By L. D. Latham & Co., its agents.
"Attest: HENRY E. ASP, *Secretary*."

This instrument was duly acknowledged and filed for record in the office of the register of deeds of Cowley county.   Immediately afterward the appeal was dismissed by the landowner, and the deposit of damages withdrawn by the railroad company.

G. W. Yount died intestate in the year 1891.   In March, 1897, the property of the railroad company was sold at a mortgage foreclosure sale, made by a special master appointed by the United States circuit court, to one E. C. Henderson, who, in April, 1897, conveyed it to the St. Louis & San Francisco Railroad Company, which has ever since used and occupied the same for railroad purposes.   The landowner had withheld his deed, contending that the railroad company had failed to perform its part of the agreement.   In March, 1900, the administratrix of the estate of G. W. Yount, deceased, and his heirs at law brought suit against the St. Louis & San Francisco Railroad Company to cancel the contract and recover damages consequent upon the permanent appropriation of the land. The petition and an amendment thereto set forth the facts stated above, alleged the failure of the contracting railroad company and its successors fully and properly to perform the essential obligations of the contract, and further alleged acts of omission and commission on the part of the defendant sufficient to warrant an inference of the complete abandonment of the contract on its part within two years before the suit was

brought.   The defendant demurred because of a de-
fect of parties plaintiff and defendant; because several
causes of action were improperly joined; because the
petition did not state facts sufficient to constitute a
cause of action; and because the action was barred
by the statute of limitations.   The demurrer having
been overruled, an answer was filed, consisting of a
general denial and a plea of the statute of limita-
tions.    Upon the trial the plaintiffs substantially
proved the facts alleged, and, over defendant's ob-
jection, established their damages as if accruing upon
a present appropriation of the land.   A demurrer to
the evidence was overruled.   The defendant intro-
duced no testimony and the jury returned a verdict
for the plaintiff.   A motion for a new trial having
been overruled, judgment was entered upon the ver-
dict, and the railroad company brings the case here
for review.   Error is assigned with reference to the
conduct of the court at each step in the proceedings
hereinbefore recited.

*J. W. Gleed, J. L. Hunt, D. E. Palmer*, and *Gleed,
Ware & Gleed*, for plaintiff in error.

*O. P. Fuller*, for defendants in error.

The opinion of the court was delivered by

BURCH, J.: It was the duty of the Kansas City &
Southwestern Railroad Company and its successors in
interest fully to perform the conditions of the written
contract.   G. W. Yount and his representatives had
a right to expect an ultimate discharge of that duty,
and to treat the contract as a subsisting obligation
until it was completely performed.   When the con-
tract was finally repudiated by the defendant, the
plaintiffs had the right to accept the situation as it

then presented itself, and to protect themselves ac-
cordingly.   The defendant was in the actual posses-
sion of the land and was actually devoting it to railroad
purposes.   Except for the public interests involved
the law would require it to be ejected.   Since, how-
ever, on account of such interests, the defendant could
claim the right to continue to retain and use the land
for railroad purposes, the plaintiffs had the right to
institute suit on the basis of a permanent appropria-
tion of the land by the defendant for railroad pur-
poses at that time, and to recover damages as upon a
proceeding by condemnation for such purposes. (*Mo.
Pac. Rly. Co. v. Gano*, 47 Kan. 457, 459, 28 Pac. 155.)
Under this theory of the case, the petition stated a
cause of action, the action was not barred by the stat-
ute of limitations, and the damages were determined
as of the proper date.   (*Ritchie v. K. N. & D. Rly. Co.*,
55 Kan. 36, 38, 59, 39 Pac. 718.)

The record disclosed an obligation of the plaintiffs
to convey.   It did not disclose the renunciation by
the railroad company of all right and duty under the
contract, or the fact that the plaintiffs were no longer
hampered by it.   Therefore it was proper to ask a
judicial determination of the fact that the contract
no longer measured the rights of the parties.   Full
relief appropriate to the situation of the litigants
could be administered in one action, and it constituted
no misjoinder to seek such relief in that manner.

Clearly there was no defect of parties plaintiff.   Un-
der the foreclosure proceedings all the rights, title
and interest of the first railroad company to the land
under the contract passed to the defendant, and no
one but the defendant could base any rights upon it.
It was not necessary, therefore, to make any one else
a defendant in the action.

26—67 KAN.

Lee v. Railway Co.

Under the undisputed evidence the defendant suffered nothing from the instructions, and the judgment will not be reversed on account of them.

The record being free from prejudicial error, the judgment of the district court is affirmed.

All the Justices concurring.