No. 33,588

THE STATE HIGHWAY COMMISSION OF THE STATE OF KANSAS,
*Appellee*, v. MICHAEL PUSKARICH et al., *Appellants*.

(83 P. 2d 132)

Opinion filed October 8, 1938.

*Louis R. Gates,* of Kansas City, for the appellants.

*Lester M. Goodell, Harwood Shoemaker,* both of Topeka, *Woodrow B. Morris,* of Oxford, and *Otho W. Lomax,* of Cherryvale, for the appellee.

The opinion of the court was delivered by

ALLEN, J.: This was an action to compel the removal of an obstruction to a state highway in Wyandotte county. From a judgment in favor of plaintiff, defendants bring this appeal.

The land in question lies immediately north of and abuts on Reidy road, now designated as a part of state highway No. 30, and runs 40 rods east and west and 32 rods north and south.

In 1925 the board of commissioners of Wyandotte county undertook to widen and improve Reidy road. This road runs east and west, and was originally 60 feet in width—30 feet on each side of the section line. To acquire the additional land for this improvement, formal condemnation was not asked by the county but the affected landowners were allowed to file claims for the land appropriated and damage suffered. Mike Puskarich, the owner of premises now in dispute, filed a claim wherein he asked for damages for the widening of Reidy road, and stated the tract was about

47½ feet wide and forty rods long east and west, that the value of the land taken was and is $1,000, that the value of building thereon and appropriated by said board of county commissioners is $10,500, that the damage to the land left is $1,000, that there were trees on said strip of ground thus taken of the value of about $400 or a total damage to Mike Puskarich of $12,900. The claim was duly verified.

Thereafter, Puskarich filed a suit against the board of county commissioners, the petition containing the same recitals as the claim. On March 11, 1928, judgment was entered for Puskarich in the sum of $3,495.

The petition in the present action sets up the foregoing facts; alleges the payment to Puskarich of the sum of $3,495 "was a clear intention to dedicate the additional 47½ feet across his tract to public use, in addition to the 30-foot highway previously existing," and that the public accepted and has used the additional width since as a public highway; alleges the adoption and designation of Reidy road as state highway No. 30; that defendants maintain a large brick building 60 by 40 feet in size which encroaches a distance of 56 feet upon the highway; that the maintenance of this structure is an unlawful appropriation of public property for private use, interferes with the public use of the highway, constitutes a nuisance, and asks that defendant be compelled to remove the same.

The referee appointed by the court to hear and determine the cause, Hon. Arthur J. Stanley, Sr., returned findings of fact and conclusions of law. The referee found that Reidy road in Wyandotte county, Kansas, on and prior to 1920 was a regularly established public road, extending eastward and westward, and dedicated to a width of sixty feet, thirty feet thereof being on the south side of the section line bounding the Puskarich property, described in admission number two, and thirty feet on the north side of the section line, being the south boundary line of the above-described tract, throughout its full length east and west. In 1925, beginning in August of that year and continuing thereafter until about December [September] the board of county commissioners of Wyandotte county, Kansas, graded the Reidy road along the south side of the Puskarich property and cut the grade thereof at about the center of the south line of the property, nine feet from what it had been prior thereto, and thereafter the roadway was paved, the paving being about the center of the sixty-foot road and completed in September [December], 1925.

In his conclusions the referee found that, "The petition in cause No. 31315-A, entitled *'Mike Puskarich v. Board of County Commissioners of Wyandotte County, Kansas,'* should be construed an action *ex contractu,* on the implied contract that the defendant would pay value for the property appropriated for public use. (*Smith v. McCarthy,* 39 Kan. 308; *The Railway Co. v. Hutchings,* 78 Kan. 758, l. c. 672-673; *Delaney v. Implement Co.,* 79 Kan. 126; *Douglas v. Loftus, Adm'x,* 85 Kan. 720; *Isham v. Montgomery County Comm'rs,* 126 Kan. 6)."

That in the settlement and judgment of that case the county of Wyandotte acquired the fee title to the 47½-foot strip of ground in question and that such title was acquired for highway purposes, and recommended that "a judgment of the court be entered ousting and ejecting said defendants and all of them from the use and occupancy of that portion of Kansas State Highway No. 30 which is a strip 47½ feet in width immediately north and adjoining the original sixty-foot right of way of Reidy road, over and along the south side of the real estate of defendant Puskarich."

The report of the referee was adopted as the judgment of the court.

Appellant contends the judgment of the court, based on the conclusion of the referee, is erroneous for the reasons (1) that the action of Puskarich against the board of county commissioners was not a quasi contract action for the value of land appropriated for highway purposes, but a mere tort action for damages to his property, and (2) that permanent appropriation is a prerequisite to an action of an implied contract for the value of the land, and that there was no permanent appropriation of appellant's land as shown by such proceedings.

It is the settled law in this state that where a corporation, having the power of eminent domain, enters upon and appropriates the land of any person for public purposes, without having acquired the title thereto by formal condemnation or otherwise, the landowner may waive formal condemnation and may sue upon an implied contract for the value of the property taken. In *Cohen v. St. L., Ft. S. & W. Rld. Co.,* 34 Kan. 158, 8 Pac. 138, the rule was formulated as follows:

"Where a railroad company has constructed and is operating its railroad through a piece of land belonging to another, without having obtained a right of way by any formal condemnation proceedings, and without having procured any title to the land over which it operates its railroad or any easement therein, the owner of the land may waive formal condemnation proceedings

and all formal modes of transfer, and elect to regard the action of the railroad company as taking the property under the right of eminent domain, and may commence an ordinary action to recover compensation for all the damages which he has sustained by reason of the permanent taking and appropriation of the right of way by the railroad company." (Syl. ¶ 1.)

See, also, *Railroad Co. v. Yount,* 67 Kan. 396, 73 Pac. 63; *K. C. & S. W. Rly. Co. v. Fisher,* 53 Kan. 512, 36 Pac. 1004; *Hubbard v. Power,* 89 Kan. 446, 131 Pac. 1182.

The nature of a cause of action, whether it sounds in tort or implied contract, is to be determined from the allegations of the petition. In case of doubt the words appropriate to an action in tort will be disregarded, and the action will be construed as one on quasi contract. (*Railway Co. v. Hutchings,* 78 Kan. 758, 99 Pac. 230; *Webb v. Crawford County Comm'rs,* 127 Kan. 547, 274 Pac. 249.)

In the case of *Silver v. Clay County,* 76 Kan. 228, 91 Pac. 55, it was said:

"Counties are involuntary quasi-corporations and are mere auxiliaries to the state government and partake of the state's immunity from liability. They are in no sense business corporations.

"A county is not liable in damages for the negligent or wrongful acts of its board of county commissioners, unless such liability is expressly imposed by statute or necessarily implied therefrom." (Syl. ¶¶ 1, 2.)

See, also, *Isham v. Montgomery County Comm'rs,* 126 Kan. 6, 266 Pac. 655.

Under these authorities, to construe the action to be one in tort would challenge the validity of the judgment.

We are clear the action was on the implied contract for the value of the land appropriated, and that the payment of the money and satisfaction of the judgment operated to pass the title to the county for the public use, and that such right or title is now vested in the state highway commission. The nature of the title which passes upon the satisfaction of the judgment in such proceedings is stated in 20 C. J.:

"The general rules in regard to the effect, with respect to the title of the property involved, of a judgment in condemnation proceedings apply also where the action or proceeding is one which is considered as a substitute for condemnation proceedings. Thus in actions for the recovery of the value of the land taken, and in actions for damages where the past, present, and future damages are recoverable, a satisfied judgment operates to transfer such title or proprietary right as defendant is entitled to." (p. 1216.)

See, also, Restatement, Restitution, § 129, *b; United States v. Great Falls Mfg. Co.,* 112 U. S. 645, 5 S. Ct. 306, 28 L. Ed. 846; *Cohen v. St. L., Ft. S. & W. Rld. Co.,* 34 Kan. 158, 8 Pac. 138.

The contention is made that permanent appropriation is a prerequisite to an action on an implied contract for the value of the land, and appellant insists no such appropriation was made in the proceedings above mentioned. In support of this view *Cohen v. St. L., Ft. S. & W. Rld. Co.* is quoted wherein it is stated the landowner may recover compensation for all damages he has sustained "by reason of the permanent taking and appropriation of the right of way of the railroad company."

In the Cohen case it was determined that "where a railroad grade has been constructed and afterward abandoned, it becomes the property of the owner of the land through which it is constructed." And in *Abercrombie v. Simmons,* 71 Kan. 538, 81 Pac. 208, it was held that where land was conveyed to a railroad company for a right of way, and the use was abandoned, the title would revert to the adjoining owners. In other words, as we there held, where a right of way is acquired by condemnation or by a conveyance, the title acquired is not a fee simple absolute, but a fee simple determinable, and limited by the use for which the land is acquired. Compare Restatement, Property, section 44. Under G. S. 1935, 68-413, the state highway commission in the name of the state may acquire by purchase, donation or dedication, or by condemnation; when necessary may convey the same, and when vacated the same will revert. While the title so acquired is not a fee simple absolute it is an appropriation sufficient to support an action on the implied contract for the value.

We conclude the state highway commission has title to the land in question; that the building of the defendants is an unlawful encroachment thereon, and that the judgment of the trial court directing the removal of the same should be affirmed. It is so ordered.

WEDELL, J. (concurring specially): I concur in the result but do not deem it necessary in the instant case to determine the precise nature of the title which the state highway commission may acquire to land by virtue of condemnation proceedings under the various statutes pertaining to this subject. Neither do I regard it necessary or desirable to decide the conditions under which or the purposes for which the highway commission may convey lands, or parts thereof, so acquired. It is only a question of time until those precise questions will be presented under facts requiring a definite decision. We will then have the time and the occasion to review our

former decisions and present statutes on the subject. In my opinion we need go no further in the instant case than to say the nature of the title acquired was sufficient to support an action on the implied contract for the value of the land taken. I therefore desire to limit my concurrence accordingly.