13 So.2d 656

**HUNTER et al. v. CITY OF MOBILE.**

I Div. 192.

Supreme Court of Alabama.

May 13, 1943.

GARDNER, Chief Justice.

Plaintiffs are the owners of business property abutting on Government Street in the City of Mobile, which they claim was diminished in market value by the construction of the ramp or approach to what is known as the Bankhead Tunnel. The averments of the complaint are substantially identical with those held to state a cause of action in McGowin v. City of Mobile, 241 Ala. 576, 4 So.2d 161, and a detailed statement of the manner in which the property is alleged to have been damaged may well be here omitted. The complaint is properly interpreted as stating a cause of action in assumpsit, and no question as to its sufficiency is here presented.

The point here for review turns upon the ruling of the trial court overruling plaintiffs' demurrer to Plea Two interposed by the defendant. This plea reads as follows: "Two. Prior to the filing of the suit the Plaintiffs did not present to the Clerk of the City of Mobile within six months from the accrual thereof a claim upon which this suit is based, as required by Section 476 of Title 37 of the Alabama Code of 1940, and the action is, therefore, barred by the statute of non-claim."

On account of the adverse ruling of the court as to the sufficiency of this plea, plaintiffs took a non-suit, and prosecute this appeal. The plea is based upon Section 476, Title 37, Code of 1940, which reads as

320

follows: "§ 476. All claims against the municipality (except bonds and interest coupons and claims for damages) shall be presented to the clerk for payment within two years from the accrual of said claim, or shall be barred; claims for damages growing out of torts shall be presented within six months from the accrual thereof or shall be barred."

It was the contention of the defendant that the claim of plaintiffs was for damages growing out of a tort and therefore governed by the latter provision of the above noted section, requiring presentation to the clerk of the city within six months from the accrual thereof. The trial court accepted this view.

But we find ourselves unable to agree. The claim of plaintiffs was for compensation, which rested upon Section 235, Constitution of 1901. As originally enacted, the property owner was compensated only for property taken or applied to a public use and no consideration given to the injury or destruction of property adjoining the public improvement. As said in City Council of Montgomery v. Townsend, 80 Ala. 489, 2 So. 155, 157, 60 Am.Rep. 112: "In such case the protection of private property was sacrificed to the good or convenience of the community, and the individual loss or injury was regarded as damnum absque injuria, to be borne by the citizen for the public benefit." As the constitutional provision now reads, a liability is imposed for private property injured or destroyed though not taken, " * * * a liability for consequential damages,—from which municipal corporations were theretofore exempt." The abutting property owner's compensation for injury to his property is upon the same basis as theretofore existed when the property was actually taken. City Council of Montgomery v. Maddox, 89 Ala. 181, 7 So. 433; City Council of Montgomery v. Townsend, supra; McEachin v. City of Tuscaloosa, 164 Ala. 263, 51 So. 153; Alabama Power Co. v. City of Guntersville, 235 Ala. 136, 177 So. 332, 114 A.L.R. 181. This is self-evident from the very language of the constitution, and was expressed in the Maddox case, supra [89 Ala. 181, 7 So. 436], as follows: "The injury was held to be the direct result of the construction, and 'to stand upon the same footing as to consequential injuries as if it had been an actual taking of a portion of the plaintiffs' property.' "

The exact question here for consideration appears never to have been directly presented for decision in this Court. Many authorities are to be found noted in 30 C.J.S., Eminent Domain, § 395, p. 105 and 44 C.J. p. 473. Some of the authorities go so far as to hold the only right of action is assumpsit, based upon an implied contract to compensate the owner for property thus injured, taken, or destroyed. Illustrative cases are Foster v. City of New Orleans, 155 La. 889, 99 So. 686; Litka v. City of Anacortes, 167 Wash. 259, 9 P.2d 88; Martin v. Western States Gas Co., 8 Cal. App.2d 226, 47 P.2d 522; Jacobson v. State of N. Dak., 68 N.D. 259, 278 N.W. 652, 653. In this latter case the court observed: "What is recovered is 'compensation,' which presupposes a contract, expressed or implied. It is not damages in the strict sense of the word." These authorities are based upon the theory that as the municipality was lawfully engaged in making the public improvement, it therefore could not be a trespasser or a wrongdoer and that, of consequence, its conduct could not be deemed tortious.

Other authorities are to the effect, however, that when the municipality in the prosecution of a public improvement either takes or injures adjoining property without first having instituted condemnation proceedings or making just compensation to the owner, such conduct is of consequence wrongful and will support an action on the case.

But the view also seems to prevail that the property owner may waive the tort and sue in assumpsit for compensation as upon an implied contract. Illustrative of this view are: Nelson County v. Loving, 126 Va. 283, 101 S.E. 406; State Highway Commission v. Puskarich, 148 Kan. 388, 83 P.2d 132; Dayton v. City of Asheville, 185 N.C. 12, 115 S.E. 827, 30 A.L.R. 1186. The case of United States v. Great Falls Manufacturing Co., 112 U.S. 645, 5 S.Ct. 306, 311, 28 L.Ed. 846, is much in point in support of the conclusion that a cause of action in assumpsit will lie, as is to be noted from the following excerpt from the opinion in that case: " * * * we are of opinion that the United States, having by its agents, proceeding under the authority of an act of congress, taken the property of the claimant for public use, are under an obligation, imposed by the constitution, to make compensation. The law will imply a

promise to make the required compensation, where property, to which the government asserts no title, is taken, pursuant to an act of congress, as private property to be applied for public uses. Such an implication being consistent with the constitutional duty of the government, as well as with common justice, the claimant's cause of action is one that arises out of implied contract within the meaning of the statute, which confers jurisdiction upon the court of claims of actions founded 'upon any contract, express or implied, with the government of the United States.' "

A consideration of our own authorities discloses that in cases of this character a tort action has been sustained. Dallas County v. Dillard, 156 Ala. 354, 47 So. 135, 18 L.R.A.,N.S., 884; Highland Ave. & Belt R. Co. v. Matthews, 99 Ala. 24, 10 So. 267, 14 L.R.A. 462; Hamilton v. Alabama Power Co., 195 Ala. 438, 70 So. 737; Alabama Midland Ry. v. Coskry, 92 Ala. 254, 9 So. 202; City Council of Montgomery v. Townsend, supra; City of Birmingham v. Evans, 221 Ala. 381, 129 So. 50; Thompson v. City of Mobile, 240 Ala. 523, 199 So. 862.

In Jones v. New Orleans & S. R. Co., 70 Ala. 227, private property had been taken for public use without first making compensation or instituting condemnation proceedings. The public use was for railroad purposes. It was conceded in the opinion that though technically speaking, the railroad was a trespasser by reason of its neglect to first pursue the proper remedy for acquiring the lands, yet as there was in the road a continuing right to pursue this remedy and thus render the possession rightful, a plain distinction was drawn between such a trespasser and what the opinoin denominates a common trespasser. The court further refers to the fact that under the constitution the property owner was entitled only to just compensation, saying: "Fair, reasonable, adequate, just compensation for the loss or injury he may sustain, the constitution guarantees to the citizen whose property is taken for public uses. When this is afforded, the purposes of right, and of the constitution, are satisfied."

And as to recovery of consequential damages for property not taken, it may well be seen that the necessity to ascertain and compensate before proceeding with the work is not at all times practicable. Illustrative is Louisville & N. R. Co. v. Orr, 200 Ala. 603, 76 So. 961, where it is pointed out that many elements are to be considered in ascertaining the compensation due the property owner and that if enhancement of value rather than depreciation results, there could of course be no recovery. Such was the issue of fact in that case and perhaps one which could not be predetermined by the railroad company. Like thought was expressed by the North Dakota court in Mayer v. Studer & Manion Co., 66 N.D. 190, 262 N.W. 925, 926, where it was observed: "The proper course to pursue is to ascertain and compensate for the damage before proceeding with the public work. This may not always be done." The opinion proceeds: "Since the Constitution guarantees the right to compensation, this obligation is in effect an implied contract on the part of the state to compensate for the damage which it has caused."

Conceding, therefore, that our decisions justify a tort action, yet there is nothing in any of them which militates against the conclusion that the property owner may, if he desires, waive the tort and sue in assumpsit.

As stated in 4 Am.Jur. 503: " * * * In the absence of a contractual relationship, the general rule is that where one person derives a benefit from the commission of a tort against the property of another, the law will, at the election of the person injured, imply a contract on the part of the tort-feasor to pay to the person injured a just remuneration for the damages sustained as a consequence of the wrong, and on this contract implied by law general assumpsit lies. But a promise will be implied in such a case only because it will be deemed that it was intended that it should be, or because natural justice requires it in consideration of some benefit received, and where no benefit accrues, or is intended to accrue, to the tort-feasor, the action of assumpsit cannot, as a general rule, be substituted for the proper form of action on the tort. The principle that a tort may be waived and assumpsit maintained is applied in many situations. For example, it is applied very commonly to cases of conversion and fraud, and it is also applied to some cases where there has been a trespass on land."

Among the authorities cited in the note are Fuller v. Duren, 36 Ala. 73, 76 Am.Dec. 318; Judson v. Eslava, Minor 71, 12 Am. Dec., 32. See also, Ivey's Adm'r. v. Owens, 28 Ala. 641; United States v. Whited &

Wheless, 246 U.S. 552, 38 S.Ct. 367, 62 L.Ed. 879; 18 Am.Jur. 156-160.

The cases of Cooper v. Cooper, 147 Mass. 370, 17 N.E. 892, 9 Am.St.Rep. 721, and Prest v. Farmington, 117 Me. 348, 104 A. 521, 2 A.L.R. 1390, cited by appellee, have been examined. But these authorities are entirely dissimilar to the case here presented, and of consequence are of little value upon the question now for consideration.

Among the recent cases discussing this particular question is that of the Kansas court in State Highway Commission v. Puskarich 148 Kan. 388, 83 P.2d 132, 135. There it was held that where a corporation having the power of eminent domain enters upon and appropriates the land of any person for public purposes without having acquired the title by formal condemnation or otherwise, the landowner may waive formal condemnation and sue as upon an implied contract for the value of the property taken. As to the appropriate remedy, the court observes: "The nature of a cause of action, whether it sounds in tort or implied contract, is to be determined from the allegations of the petition. In case of doubt the words appropriate to an action in tort will be disregarded, and the action will be construed as one on quasi contract. * * * We are clear the action was on implied contract for the value of the land appropriated."

The Virginia constitution is very similar to our own, and the case of Nelson County v. Loving, 126 Va. 283, 101 S.E. 406, 411, by the Virginia Court, is very illuminating and helpful upon the question here presented. So far as the construction of their constitutional provision is concerned, it is in harmony with our own decisions, and, indeed, the case of Dallas County v. Dillard, supra, is approvingly cited in the opinion. The court discusses the purpose of the amendment of the constitution providing for compensation for property injured though not taken. The opinion speaks of such constitutional provision as a guarantee in favor of all private property owners. Coming to the particular question in hand, the opinion proceeds:

"We are of opinion that but for the statute law aforesaid, which affords an adequate remedy for the recovery of claims against the counties, either an action of indebitatus assumpsit would lie on the quasi contract implied in law from the obligation imposed on the defendant county by the constitution to make 'just compensation' in the premises (Clark on Contracts [1894 Ed.] § 311, pp. 752-755, and section 313, p. 756; 13 C.J. 244, 255), or an action of trespass on the case would lie (Swift & Co. v. Newport News, supra, 105 Va. [108] at page 115, 52 S.E. 821, 3 L.R.A.,N.S. 404). Accurately speaking, the cause of action in each of the cases before us arose from the disturbance or violation of the plaintiff's right which the law created as aforesaid, which is a tort (26 A. & E. Ency. L. [1st Ed.] p. 72); but in such case a plaintiff, under the well-settled rule on the subject, may waive the tort and sue in assumpsit on the contract which the law implies."

We think this reasoning sound and entirely applicable to the instant case. When private property is either taken or damaged for public purposes, the Constitution is a guarantee to the owner that he shall have just compensation therefor. The municipality thus takes or injures the property with the knowledge of this guarantee and must be held to an implied agreement to abide by its terms. It is in a sense a constitutional contract made for the benefit of private property owners, and it is entirely reasonable to imply a contract on the part of the municipality in the instant case to pay the person injured a just remuneration for the damages sustained as a consequence of this public improvement, just as the Constitution guarantees.

We think it clear enough the expression in the statute "growing out of a tort" is proper to be interpreted as having reference to claims based solely upon a tort and is not to be construed as denying to one, as here, the right to waive a tort and sue in assumpsit when the situation is such as to warrant such action.

We are, therefore, of the opinion that in cases of this character the property owner has the right to waive the tort and sue in assumpsit. This right these plaintiffs have here asserted. As a consequence, it is our view this is not a tort action barred by the six months' period within the concluding clause of the statute above cited, and that the trial court was in error in ruling to the contrary. The judgment will accordingly be here reversed and the cause remanded.

Reversed and remanded.

BOULDIN, FOSTER, and LAWSON, JJ., concur.