Plaintiffs, Cherokee Hills Lake, Inc., and Phil Mahan, appealed from a judgment entered on a jury verdict for the defendant, City of Tuscaloosa, and a directed verdict for defendant, R.F. Holifield.
Plaintiffs' property was flooded when a dam broke on March 16, 1973, allegedly causing large amounts of silt and debris to be deposited on their land. *Page 1078 
In separate actions, which were consolidated for trial, plaintiffs alleged negligent construction and maintenance and wantonness. Each plaintiff also alleged a breach of a quasi-contract, or one implied by law.
Evidence adduced at trial showed that defendant Holifield acquired ownership of Woodland Hills Lake and the property surrounding the lake in 1955. The dam was erected by the previous owner. Woodland Hills Subdivision was platted in 1957, and Holifield began selling off adjoining lots, but retained ownership of the lake. A fifty-foot easement across the dam was dedicated in the plat to the City of Tuscaloosa for the purpose of maintaining a roadway. This road was, in fact, maintained by the City and there is no question but that the City expressly or impliedly accepted the dedication.
When the Woodland Hills dam broke for the first time in 1961, the City, with its labor crews and equipment, rebuilt it. There was testimony that Holifield provided dirt and concrete to aid the City's reconstruction project. At that time, the City constructed a spillway in the center of the dam and for some time thereafter continued a program of general maintenance. In 1972, the City performed general repair work on the spillway area which had begun to deteriorate rapidly. It was this deterioration which allegedly led to the 1973 break.
Several expert witnesses testified to the poor construction of the dam, including improper spillway placement, incorrect overflow pipes, poor quality base material, improper slope, and improper monitoring and maintenance practice.
At the close of the plaintiffs' evidence, the trial court granted defendant Holifield's motion for a directed verdict. The City's motion for a directed verdict was denied and the plaintiffs were permitted to amend their pleadings. The jury returned a verdict in favor of the City.
The plaintiffs raise numerous issues for our review. As to defendant Holifield, they argue that the trial court erroneously granted the motion for a directed verdict. They say that the facts created at least a scintilla of evidence showing that Holifield negligently breached his duty to properly reconstruct and maintain the dam.
Concerning the judgment in favor of the City, the plaintiffs claim that the trial judge erroneously charged the jury on the law of the case.
It should be noted that a cause of action against the City sounding in tort was foreclosed by the plaintiffs' failure to comply with the six-month notice requirement of the Statute of Non-Claims [now Section 11-47-23, Code 1975]. Instead, the plaintiffs' stated cause of action sounded in assumpsit and relied on Art. XII, § 235, Constitution of Alabama (1901).
 I
Did the trial court err in directing a verdict for defendant Holifield?
Holifield says "No," arguing that any duty owed by him, as owner of the dam, was assumed by the City since it reconstructed the dam subsequent to the 1961 break. Much of the plaintiffs' evidence was addressed to the improper construction of the dam. Testimony that the City, after the 1961 break, rebuilt the dam and added a new spillway was undisputed; however, it was also undisputed that Holifield provided fill-dirt and concrete to the City at this time. Although the evidence may be weak, we think the fact that Holifield provided materials, coupled with the other evidence, is sufficient to create a scintilla of evidence that the construction of the dam after the 1961 break may have been a joint venture or similar undertaking between Holifield and the City.
We cannot accept Holifield's argument that any duty he had to maintain or rebuild the dam was assumed by the City when it accepted the 1957 dedication of the roadway. This argument is premised on the theory that without the dam there could have been no roadbed; in other words, the dam was the roadbed.
The estate in land which passes to the City when a roadbed is dedicated was set *Page 1079 
out in Town of Citronelle v. Gulf Oil Corp., 270 Ala. 378,119 So.2d 180 (1960), where it was stated that the fee in land to the median line of a street was not subject to alienation apart from such lots after the dedication has become complete. In any event, it is apparent in the present case that the question of who owned the fee to the dam was a fact question. Cf. City ofGadsden v. Elrod, 33 Ala. App. 263, 33 So.2d 268 (1947). Consequently, we hold that the trial court erred in directing a verdict in favor of the defendant Holifield.
 II
Two basic issues are presented in plaintiffs' appeal from the judgment entered on the jury verdict in favor of The City of Tuscaloosa. Those issues are:
(1) Does negligent maintenance of a city street give rise to a cause of action under Sec. 235 of the Constitution?
(2) Was it prejudicial error for the trial court to charge the jury that the plaintiffs were required to show negligence on the part of the City in this particular lawsuit?
Section 235, Constitution of Alabama, reads:
 "Municipal and other corporations and individuals invested with the privilege of taking property for public use, shall make just compensation, to be ascertained as may be provided by law, for the property taken, injured, or destroyed by the construction or enlargement of its works, highways, or improvements, which compensation shall be paid before such taking, injury, or destruction."
This constitutional provision has been interpreted to support a cause of action by a private landowner whose property is taken or damaged by a municipality as a consequence of its acts of construction or enlargement. In such actions, the property owner may waive the tort and sue in assumpsit for compensation.Hunter v. City of Mobile, 244 Ala. 318, 13 So.2d 656 (1943).
The issue, then, in light of Hunter, is whether the plaintiffs' property was "either taken or damaged for public purposes." This Court has long recognized that:
 "The right of recovery of compensation by the property owner, under the provisions of section 235 of the Constitution, is confined, of course, to where the municipality is engaged in the construction or enlargement of the works, highways, or improvements of the city." City of Birmingham v. Graves, 200 Ala. 463, 76 So. 395 (1917).
The taking which is the basis of the alleged implied contract in this case is the reconstruction of the dam in 1961. Injury did not occur until 1973, when the dam broke for the second time. Damages recoverable under section 235 of our Constitution, however, are only those capable of being ascertained at the time the city's works are being constructed or enlarged. Johnson v. City of Birmingham, 25 Ala. App. 389,147 So. 452 (1933), citing Hamilton v. Alabama Power Co.,195 Ala. 438, 70 So. 737 (1915). This Court has held that damages occurring subsequent to the time of taking are not recoverable:
 "The injuries complained of did not exist, nor could the damages therefor be ascertained upon the construction of the dam, but arose subsequent thereto as the result of the maintenance of same in conjunction with subsequent intervening cause. In other words, the injuries complained of were not capable of being ascertained at the time the dam was constructed, or even so reasonably contemplated as to authorize payment or security therefor as provided by said section 235 at the time of the construction or enlargement of the ways, works, etc." Meharg v. Alabama Power Co., 201 Ala. 555, 556, 78 So. 909, 910
(1918), accord City of Bessemer v. Chambers, 242 Ala. 666, 8 So.2d 163 (1942).
In Hunter v. City of Mobile, supra, the plaintiffs were allowed to waive the tort and recover under an implied contract based upon section 235, but that case can be distinguished because in Hunter the tortious conduct and the "taking" were concurrent. The value of the plaintiffs' commercial property was diminished by the construction *Page 1080 
of the Bankhead Tunnel in front of their property on Government Street.
We conclude that the injury to plaintiffs caused by the collapse of the Woodland Hills Dam was not ascertainable at the time of the alleged taking 12 years earlier and was not the type of taking, injury or destruction contemplated by section 235. While we recognize that the remedial nature of the section suggests its liberal construction, to allow so broad a field of operation as the plaintiffs would have us adopt would allow a contract action in every case of alleged negligent construction or maintenance by a municipal corporation. This result, we feel, is not mandated by our constitution or by this Court's prior decisions.
Having concluded that plaintiffs could not have recovered against the City in assumpsit under the facts of this case, we need not reach the asserted error of the trial court in instructing the jury that the plaintiff would be required to show negligence on the part of the City. Any error would be harmless.
For the foregoing reasons, judgment for the defendant, City of Tuscaloosa, is to be affirmed and the directed verdict in favor of defendant Holifield is to be reversed and remanded.
AFFIRMED, IN PART; REVERSED, IN PART; AND REMANDED.
BLOODWORTH, FAULKNER, JONES, SHORES and EMBRY, JJ., concur.
TORBERT, C.J., and ALMON and BEATTY, JJ., not sitting.