STEAGALL, Justice.
J.W. Patterson sued the City of Tuscaloosa on October 1, 1986, for flood damage to his businesses as a result of changes made by the City to a street at the intersection on which Patterson’s heating and air conditioning business, his aluminum fabrication business, and his laundromat are located. After an ore tenus nonjury hearing, the trial judge held that the City was liable under Article XII, § 235, Constitution of *285 Alabama 1901,[1] and awarded Patterson $15,000 in damages. The court denied the City’s motion for a new trial.
The City contends on appeal that the trial court erred in not joining as indispensable parties under Rule 19, A.R.Civ.P., the United States Government, the State of Alabama, the State of Alabama Highway Department, and Meador Contracting Company. The City also argues that it has no liability under § 235; that such liability would place an improper, additional burden on it; and that the court erred in awarding damages.
Patterson’s three businesses are located at the corner of Hargrove Road and Second Avenue East in Tuscaloosa. The City of Tuscaloosa contracted with both the State of Alabama and the Alabama Highway Department for improvements to be made at that intersection in accordance with plans developed by the State under a federal transportation improvement program. The State awarded the construction contract to Meador Contracting Company. Of the cost, 87.5% would be paid from federal and state funds, while the City was to pay 12.5%.
Pursuant to its contract, the City had an island and a turn lane installed on Second Avenue East in May 1985. Patterson’s laundromat is adjacent to Second Avenue East and now experiences flooding, whereas it did not before. Prior to the changes, the road had a crown in it that allowed water to flow down either side of the street. The street as completed has no crown, although the plans provided for one, and water now backs up in front of Patterson’s laundromat, coming from the City’s right-of-way, which is five feet from the sidewalk adjacent to the laundromat; the water comes over the sidewalk and through the door of the building. Patterson testified that before the work was done, water never stood at the door of the building and that now puddles will stand as long as two or three days.
I
Patterson correctly contends that the federal government, the State of Alabama, the Highway Department, and Mea-dor Contracting Company were not indispensable parties. Patterson’s action against Tuscaloosa was not based on negligent construction, but upon § 235. The plaintiff, in an action under § 235, may waive the tort and sue in assumpsit for compensation. Mahan v. Holifield, 361 So.2d 1076 (Ala.1978); Hunter v. City of Mobile, 244 Ala. 318, 13 So.2d 656 (1943). Section 235 clearly places liability upon "[mjunicipal and other corporations and individuals invested with the privilege of taking property for public use,” and not the above entities as the City alleges. Therefore, they were not necessary parties for the adjudication of Patterson’s § 235 claim, and the trial court correctly denied the City’s motion to dismiss on that ground.
Furthermore, the City cannot now avoid liability on the basis that the work was authorized to be done by a third person, here an independent contractor. Sherlock v. Mobile County, 241 Ala. 247, 2 So.2d 405 (1941). A city must compensate a property owner where a project undertaken by the highway department, with the knowledge and consent of the city, causes a direct physical disturbance of a right, either public or private, that the property *286 owner enjoys in connection with his property. Bragg Apartments, Inc., v. City of Montgomery, 281 Ala. 253, 201 So.2d 510 (1967); Alabama Power Co. v. City of Guntersville, 235 Ala. 136, 177 So. 332 (1937). Here, Patterson was entitled to enjoy the same ease of ingress to and egress from his laundromat after work was done on the intersection as he did before the street was enlarged.
II
The burden is on the property owner to prove the existence and the extent of the damage to his property, and the measure of damages is the difference between the value of the property before the work was done and the value afterwards. Fricke v. City of Guntersville, 254 Ala. 370, 48 So.2d 420 (1950). Patterson testified that his property’s fair market value before the street was changed was $135,-000, and that its value after the work was completed was $60,000. Patterson attributed part of this decrease to the lack of parking, for which he made no claim, because the old parking was on the right-of-way. It was his opinion that $15,000 to $20,000 of the decrease in his property’s value was due to the water problem. The City presented no evidence to contradict this.
The damages alleged must be ascertainable at the time of the construction or enlargement. Mahan, supra. In Mahan, a dam that had been reconstructed by the city twelve years prior to suit broke a second time and caused large deposits of silt and debris to be deposited on the plaintiffs’ land. In affirming a judgment based on the jury’s verdict in favor of the city, this Court reiterated that damages occurring subsequent to the time of taking are not recoverable and concluded that injury from a taking 12 years earlier was not the type contemplated by § 235.
Here, the evidence was undisputed that the street had had a crown that facilitated proper water flow prior to construction, that the plans called for a crown, and that the street as completed did not contain one. Patterson called James T. Weiss, an assistant professor of engineering graphics at the University of Alabama, who testified that the street had no crown and that it was not built in accordance with the plans. He also stated that proper construction practice required a crown to allow water to run off each side of the road and that the absence of one was ill advised.
In Alabama Power Co. v. City of Guntersville, supra, the power company was denied recovery based on the city’s construction of an electric distribution plant that competed with the privately owned company’s profits, because there was no evidence of physical injury to the company’s property.
Morgan County v. Standridge, 235 Ala. 486, 179 So. 912 (1938), involved a situation very similar to the present one. In allowing the plaintiff to recover against the county for improvement of a highway that was insufficient and inadequate to discharge water, this Court stated that “the law imposed on the defendant in the improvement of its property [the duty] to take into account and anticipate the injurious consequences from natural causes, such as rainfall, and make just compensation therefor to be ascertained as provided by law.” 235 Ala. at 489, 179 So. at 915. The same holds true in Patterson’s case, and we affirm the trial court’s findings and its award of damages.
AFFIRMED.
TORBERT, C.J., and JONES, SHORES and ADAMS, JJ., concur.

. "Sec. 235. Taking of property for public use by municipal and other corporations.
“Municipal and other corporations and individuals invested with the privilege of taking property for public use, shall make just compensation, to be ascertained as may be provided by law, for the property taken, injured, or destroyed by the construction or enlargement of its works, highways, or improvements, which compensation shall be paid before such taking, injury, or destruction. The legislature is hereby prohibited from denying the right of appeal from any preliminary assessment of damages against any such corporations or individuals made by viewers or otherwise, but such appeal shall not deprive those who have obtained the judgment of condemnation from a right of entry, provided the amount of damages assessed shall have been paid into court in money, and a bond shall have been given in not less than double the amount of the damages assessed, with good and sufficient sureties, to pay such damages as the property owner may sustain; and the amount of damages in all cases of appeals shall on demand of either party, be determined by a jury according to law.”